# Staunton.

## HARDIN v. KELLEY.

### September 22d, 1892.

1. SALE OF LAND—*By boundaries—Price in gross.*—Where deed conveys
   tract of land as lying within certain boundaries, for a sum stated in
   gross, though the grantor guaranteed that the tract contained a cer-
   tain number of acres and it contained more—

HELD:

   The sale was in gross, and grantor cannot recover for the excess.

2. CONTRACT IN WRITING—*Parol evidence*—Parol evidence of antecedent
   conversations between the parties is inadmissible to set aside or im-
   pair a written contract for the sale of land, especially when, as in the
   case here, the evidence is contradictory.

Error to judgment of circuit court of Wise county, ren-
dered at the December term, 1891, in a cause wherein Wil-
liam Kelley was complainant and the appellant, P. W. Har-
din, was defendant.   Opinion states the case.

*Bullitt & McDowell*, for appellant.

*E. M. Fulton*, for appellee.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellee, William Kelley, in July,
1890, to subject the land of the defendant (the appellant) to
the balance due for the vendor's lien, and to construe the deed
by which the defendant purchased the land, and to reform the
same to correspond with the alleged agreement between the
parties before the execution thereof.

The plaintiff, Kelley, and his wife, as the deed recites, on the 23d day of December, 1887, " for and in consideration of the sum of six thousand five hundred dollars," " $2,166.66 paid in cash," " bargained and sold, and by these presents conveyed, to the party of the second part, the following described tract of land, situated and lying in the county of Wise and state of Virginia, on the waters of Powell's river, and bounded as follows:   Beginning on the bank of Powell's river, at Eli Washington's corner; thence up said river, with Silas Cruch's line, to M. V. Kilbourne's line; thence, with said Kilbourne's line, to P. Williams' line; thence northwestwardly, with said line, to E. Wells' line; thence, with said line, to the beginning—containing one hundred and seventy acres, excluding, however, the fifty-acre survey lying on the mountain, back of what is known as the old Sturgiss 130-acre tract, lying next to and bordering on the river; excluding, also, one fourth of an acre surrounding the graveyard on the hill.   The party of the first part guarantees, on survey, the tract described to contain one hundred and thirty acres, and agrees to make up what it may lack by adding from the tract above."

The bill claims that, on survey by the described boundaries, the land included, not only the old Sturgiss tract of one hundred and thirty acres, but also the fifty acres not sold, but excepted in the deed; and again, the bill alleges that the old Sturgiss tract contained more than one hundred and thirty acres, and that it contained one hundred and seventy-five acres and 65-100ths acre—a fact not known to plaintiff at the time of the sale—and claims that the defendant owes him for 45.65 acres, at the 'price of $50 per acre, making the sum of $2,282.55, with interest thereon from December 28th, 1887; and that the said sum of $2,282.55 is a lien on said land, as well as the part of the purchase-money unpaid; and asks that the said tract of land, or so much of it as was necessary, be sold to pay this sum.

The defendant demurred and answered. In his answer he admits that he purchased the Sturgiss one hundred and thirty acres, but denies that he purchased the same at the price of $50 per acre, or at any price by the acre. Admitted that one note was still due. Denies that plaintiff did not know the contents of the Sturgiss tract of land, or its boundaries; and denies that it contains 175.65 acres, and does not believe it. He says he knows of the so-called "plat survey"; that it contains neither name, dates, courses, distances, nor boundary-lines from which the land or its acreage can be determined or identified. Denies that there was any sale to him by the acre, but claims that the sale was of a tract of land in gross, and was a hazard contract on the part of plaintiff; and it was agreed that, if the said tract of land did not contain one hundred and thirty acres, plaintiff would make it up to one hundred and thirty acres out of adjoining land; but that this land lies high up on the mountain, and is of little value, and at the time of the sale was considered as substantially of no value. That the plaintiff represented to the defendant that there were ninety or one hundred acres of bottom land, and thirty or forty acres of land on the low-lying foothills, of value and available; and that he (the plaintiff), for that reason, was willing to make up the deficiency, if any, and not to charge anything for this, as it was high on the mountain, and of but little value. That the plaintiff represented to the defendant that there was largely over one hundred and thirty acres in this tract, and urged that as a reason why defendant should give him $6,500 for it; and the defendant asked that, if necessary, a survey might be ordered by the court to ascertain if the Sturgiss tract really contained 130 acres; and offers to pay the balance really due, upon a proper release, as he had been willing from the first to do.

The court ordered a survey of the land, which was made, and returned and reported, and the depositions of witnesses taken.

The plaintiff took his own deposition, and that of his daughters, Abbie and Rebecca, as to the negotiation before the deed was made, and of H. E. Fox, who testified that he surveyed this land by a deed furnished him; and he was cross-examined, and said that he found the beginning corner, but did not find the others. And the defendant undertakes to give in narrative form, fully, all the facts attending the sale to him by the plaintiff, and he testifies in accordance with his answer, as was to be expected. Kelley and his daughters having testified in accordance with the plaintiff's bill, and one Wells in support of Hardin and his view, having been introduced by him, he says he was in the room where the trade was made, and Kelley's daughters were not there; that his wife went in and out; and Fox, the surveyor, files his report, and says he took in one half of the river, and made 175.65 acres. The circuit court decreed, in accordance with the bill of the plaintiff, for an increase in the agreed purchase, of $2,282.50, and decreed that, unless the defendant paid this in sixty days, the land should be sold to pay it; whereupon the case was brought to this court on appeal.

The first question to be determined is, whether this sale was a sale in gross or a sale by the acre. The depositions show that, before the contract of sale was made—which was the deed we have referred to, which recites and acknowledges the cash payment to have been paid, and reserves a lien for the purchase-money to be paid at future days—both plaintiff and defendant testify as to these negotiations before the contract was finally reduced to writing and agreed on, and executed as and for the contract of the parties. They contradict each other as flatly in these depositions as they do in their pleadings. The daughters of the plaintiff, who tend to sustain their father, are, in turn, contradicted by the defendant's witness Wells, who acted as a sort of real estate agent to bring the parties to their agreement; and he says these daughters were not

present during these negotiations. These depositions are not to be relied on as of any weight, (1) because the contract reduced to writing and executed by the parties cannot be set aside or impaired by these antecedent conversations—it alone contains the contract between the parties; and (2) because, if admissible, they are contradictory each in the line of his interest, Wells taking the side of the defendant. Now, what does this contract show? That the sale was of a tract of land of 130 acres, within certain boundaries; and, if it ran short of that, plaintiff agreed to make it up; sold at a sum fixed and certain, nothing being said about the price per acre, excluding the fifty-acre tract, and conveying the old Sturgiss tract. This was the sale of a certain area of land, within certain boundaries, at a sum in gross, which the plaintiff guaranteed; and the agreement on the part of the defendant to pay $6,500 for the land he bought was a sum in gross, and there is no foundation for the decree of the circuit court whatever to be found in the contract between the parties; and the said decree is erroneous in so far as it adds to the purchase-money $2,285.50. But the decree in other respects is correct, as the residue of the purchase-money is due, and is a lien on the lands of the defendant, and he was rightly charged with interest on this last payment, according to the terms.; and the decree will therefore be here corrected, and, as corrected, affirmed.

DECREE AMENDED AND AFFIRMED.