Adkins v. Tomlinson.

———————

ADKINS *et al.* v. TOMLINSON, *Appellant.*

Division Two, May 8, 1894.

1. **Equity**: DEED: MISTAKE.  Equity will not reform a deed on the ground of mistake where it does not appear that such mistake was a mutual one.

2. **Land**: ADVERSE POSSESSION: LIMITATION.  Where an occupant of land holds without color of title, his possession, to confer title on him, must be open, notorious, continuous and adverse for ten consecutive years under claim of ownership.

3. ———: ———: TACKING.  One's possession can not be tacked to that of the previous occupants without proof of his succession to their possession.

4. ———: COVENANT OF SEISIN: DAMAGES.  When the grantor is not, at the time of making his deed, in possession of part of the property described therein, and has no title thereto, his covenant of indefeasible seisin is broken as soon as made and the measure of damages for breach of such covenant is the purchase price of said part, with interest from the date of the deed.

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Jere T. Dew* for appellant.

(1) This was an executed contract and defendant had a right to make his proffered conveyance to plaintiff, his immediate grantee, correcting the error in his former deed—if it was erroneous, for it was a mutual mistake of fact—and make it conform to the original contract, and convey to plaintiffs the identical lot,

thirty-four and one-half feet frontage, that they purchased, of which particular lot possession was given to, and is still held and occupied by, plaintiffs under said deed and in pursuance of said purchase, undisturbed and undisputed by any person, and plaintiffs were bound to accept same. *Corrigan v. Tierney*, 100 Mo. 276; *Reese v. Smith*, 12 Mo. 344; *Barker v. Circle*, 60 Mo. 255. (2) This is not a controversy between adjoining proprietors as to a division line; but if it were, then where, as in this case, one takes and holds exclusive possession up to a wall or fence claiming to be the owner, his possession will be adverse. *Irwin v. Woodmansee*, 104 Mo. 406; *Handlan v. McManus*, 100 Mo. 124; *Cole v. Parker*, 70 Mo. 378. (3) And if such division line was established by agreement and possession taken accordingly, it would be binding upon the parties and privies, and acts and conduct, especially long acquiescence of parties are evidence of such agreement. *Irwin v. Woodmansee*, 104 Mo. 406; *Jacobs v. Moseley*, 91 Mo. 463; *Atchison v. Pease*, 96 Mo. 566; *Krider v. Milner*, 99 Mo. 145; *Cole v. Parker*, 70 Mo. 378. (4) A written instrument is not necessary to constitute color of title. Even if the west four and one-half feet of said lot were omitted from said deed, yet the open, notorious, exclusive and adverse, and continued possession thereof, and of the whole of said lot, thirty-four and one-half feet frontage, by plaintiffs and their grantors for twenty-five years and more, and the actual occupancy thereof, inclosed and improved as it is, and has been for about fifteen years thus actually occupied by plaintiffs themselves, undisturbed by any person for ten years or more, such possession and occupancy would constitute good, indefeasible title in plaintiffs in and to the whole of said lot, including said west four and one-half feet. *Rannels v. Rannels*, 52 Mo. 108; *Ridgeway v. Holliday*, 59 Mo. 444; *Cooper v. Ord*, 60 Mo. 420. (5) The dama-

ges are excessive. Even in case of outstanding paramount title, these covenants of the deed would be only nominally broken, where there has been no actual eviction, and no disturbance of possession, and the damages are at most only nominal. *Collier v. Gamble*, 10 Mo. 467; *Shelton v. Pease*, 10 Mo. 473; *Reese v. Smith*, 12 Mo. 344; *Moseley v. Hunter*, 15 Mo. 322; *Cockrell v. Proctor*, 65 Mo. 41; *Conklin v. Railroad*, 65 Mo. 533. (6) To this erroneous judgment interest was added, which was another error. *Hutchins v. Roundtree*, 77 Mo. 504, and cases cited.

*Karnes, Holmes & Krauthoff* for respondents.

(1) Appellant had no title, by limitation or otherwise, to the four and one-half feet adjoining on the west the land described in his deed, and there was no evidence tending to show any such title. *Goltermann v. Schiermeyer*, 111 Mo. 404. (2) There was no evidence tending to show a division line established by agreement. *Coleman v. Drane*, 22 S. W. Rep. 801. (3) The damages were rightly assessed. *Murphy v. Price*, 48 Mo. 247; *Kirkpatrick v. Downing*, 58 Mo. 32; *Allen v. Kennedy*, 91 Mo. 324; *Tong v. Matthews*, 23 Mo. 437.

BURGESS, J.—This is an action for the breach of the covenant of indefeasible seizin contained in a deed from defendant to plaintiff Mary E. Adkins, wife of her coplaintiff, James G. Adkins, dated February 8, 1882. The land described in the deed is a part of lot number 5, in block number 3, of Price's addition to the City of Kansas, and described as follows, to wit: "Beginning at the northwest corner of said lot and running thence east along the south line of Independence avenue, thirty-four feet and six inches; thence south one hundred and twenty-six feet to a private alley;

thence west to the west line of said lot; thence north to the place of beginning.'' The allegation in the petition is that defendant was not seized of an indefeasible estate of the east four and one-half feet of said lot.

The answer, aside from a general denial, alleges that defendant did not in fact sell to plaintiff, Mary E. Adkins, the land described in the deed, but that he really sold her a tract of land of the same size, but lying four and one-half feet further west than the tract described in the deed, of which he claims to be the owner in fee simple, alleging that the error in description was occasioned ''by reason of a mistake on the part of the surveyor,'' and coupled with an offer to re-form the deed aforesaid, and a tender of a new deed, describing the tract of land as alleged to have been intended to be conveyed, with full covenants of general warranty, as of the same date as the original deed. The answer so pleaded that, notwithstanding the alleged error in description, the respondent, Mary E. Adkins, had a good title to the four and one-half feet (for the want of seizin in which the action was brought) by the statute of limitations. The reply was a general denial. A jury having been waived, the case was tried by the court.

At the trial respondents read in evidence the deed sued on, containing an express covenant of indefeasible seizin of the land described in the petition. It was then formally admitted that neither at the date of his deed nor at any time since, had appellant any title whatever to the east four and one-half feet of the land described in the deed; that plaintiffs were never put in possession of the same, and never had possession of the same, and that $60 per foot was a reasonable valuation for the property in controversy at the time of appellant's deed.

Defendant testified that he originally owned lot five and that part of lot six which extended eastwardly to the line of Holmes street; that he sold the ground fronting on Holmes street for a butcher shop, and then sold another part of the land to Captain Cannon— Cannon's land embracing the east four and one-half feet of the land described in defendant's deed to Mrs. Adkins, and that he built a fence along his east and Cannon's west line. He also testified: "I never undertook to give possession of the four and one-half feet on the east side. I knew I did not own that."

Plaintiffs asked no declaration of law and none was given.

Defendant asked two declarations of law, which were refused. They are as follows:

"1. The court declares the law to be that, although defendant did not convey to plaintiff Mary E. Adkins, by his deed to her, read in evidence, the whole of the particular lot or tract of land which was intended to be, and was actually, purchased by her, but on account of an erroneous description in said deed, omitted about four and one-half feet on the west side of said lot or tract that should have been described in and conveyed by said deed, yet, if, at or about the time said deed was executed and delivered by defendant to said plaintiffs, and in pursuance thereof, defendant put said plaintiffs in peaceable possession of the whole of said lot or tract of land intended to be, and which was actually, purchased by her at the time, and plaintiffs have ever since been, and are now, in the exclusive and undisturbed possession of the whole thereof; and further, that plaintiffs and their grantors have, for ten years or more, prior to the commencement of this suit, been in actual, open, notorious, exclusive and continuous possession of the whole of said lot or tract of land, including the four and one-half feet on the west side thereof,

erroneously omitted from said deed, as aforesaid, under claim of title thereto; and further, that defendant, by his answer, has offered, and at the trial offered, to convey to said plaintiff the said four and one-half feet, and tendered in court a deed duly executed, with full covenants of general warranty, conveying to said plaintiff Mary E. Adkins, as of the date when said first deed was made to her by defendant, the said four and one-half feet of land on the west of said lot or tract of land, which was intended to be, and was actually, purchased by her, and of which she was put into full and peaceable possession at the time, and still retains possession, then the finding in this case must be for defendant.

"2. The court declares the law to be, that, if, at or about the date of the deed offered in evidence from defendant to plaintiff Mary E. Adkins, defendant put said plaintiff into peaceable possession of the whole of the particular tract or lot of land shown to, and intended to be, and was, purchased by plaintiffs at that time, and that plaintiffs have ever since been, and are now, in the exclusive and undisturbed possession thereof, and further, that plaintiffs and their grantors have, for ten years, and more, prior to the commencement of this suit, been in actual, open, notorious, exclusive and continuous possession of said tract or lot of land, and every part thereof, under claim of title thereto, then such possession constitutes good title in said plaintiffs to the whole of said tract or lot of land, and the finding in this case should be for defendant."

The trial resulted in a judgment of $415 in favor of plaintiff Mary E. Adkins, being $60 per foot, the original purchase price, and the admitted value of the land at the date of the deed, together with interest thereon at six per cent. per annum from the date of the deed to the date of the trial. Defendant appeals.

Defendant's first contention is that there was

a mutual mistake in the description of the land intended to be conveyed by the deed from him to the plaintiff, Mary E. Adkins, and that he had the right to correct the mistake by making another deed to conform to the original contract and to convey to plaintiff the thirty-four and one-half feet frontage that they purchased, which he placed them in possession of and which has been occupied by them ever since.

Where there is a mutual mistake between the parties to a deed, as to the description of the land intended to be conveyed thereby, equity will reform it, but in this case the answer does not aver that there was a mutual mistake between the grantor and grantee, but avers that the mistake in the description was occasioned "by reason of a mistake on the part of the surveyor."

Defendant admitted on the trial that at the time he executed the deed to Mrs. Adkins, he did not own and has never since had title to the east four and one-half feet described in said deed, while the evidence clearly shows that he never owned the four and one-half feet on the west which he now claims was intended to be conveyed and of which plaintiffs have, ever since the execution of the deed of February 8, 1882, been in the actual possession. It is true that he claims title to this four and one-half feet by the statute of limitations, but in order to acquire title in this way he must have succeeded to the possession of Durbin Rice and whoever had been in possession of it previous to the purchase by defendant of the land deeded by him, for without the connection of this possession with that of defendant, it had not been occupied for the space of ten years, the length of time required by our statute of limitation, to ripen into title. With reference to the matter of possession defendant testified as follows: "I don't know whether it is was the intention of the parties owning this ground that I afterwards owned, to

take four and one-half feet off of these, and claim it. I didn't know the parties. I knew Durbin Rice. The other parties I did not know. I don't know whether they undertook to take adverse possession or whether it was simply a mistake between the parties as to where the line was. I had no idea of going over into anybody's property and claiming to hold it by adverse possession."

This was all the evidence tending to show adverse possession, which falls far short of it. "It is well settled law that in order to bar the true owner of his right to the possession of his land where the occupant holds without color of title, * * * his possession must be open, notorious, continuous and adverse for the period of ten consecutive years, claiming to be the owner thereof." *Wilkerson v. Eilers*, 114 Mo. 245, and authorities cited. The evidence does not show that the four and one-half feet on the west side of the land described in the deed whose covenant is sued on was ever at any time, not even by the defendant himself, held adversely to the true owner, but that whatever possession there was was by mistake and without any knowledge of the location of the true line or intention of claiming it adversely. Such possession was not adverse; it was not hostile to the true owner.

Not only this, the evidence does not show that defendant ever succeeded to such prior possession. Under such circumstances the possession of defendant could not be tacked to the possession of previous holders with which he had no connection. "There must be privity of grant or descent, or some judicial or other proceedings which shall connect the possessions, so that the latter shall apparently hold by right of the former." *Crispen v. Hannavan*, 50 Mo. 536.

Nor does the evidence show exactly when defendant acquired title under Rice, who had owned the land

conveyed by defendant's deed to plaintiff except the four and one half foot strip on the west side, but he stated as a witness that he loaned some money to Rice for some New York parties in 1873, which was a loan for three or four years and which was secured by deed of trust on ground not including said strip; that default was made by Rice in the payment of the money and ground all sold under the deed of trust when he became the purchaser, and that he deeded to defendant in February, 1882. As the loan was made in 1873 and was to run three or four years, defendant could not have acquired title until 1876 and even though his possession of the four and one half foot strip became and was adverse from that time on, he had not acquired title by limitation at the time he conveyed to plaintiff, Mary E.

It necessarily follows from what has been said that it was not in defendant's power to correct the mistake in the deed even if it was shown that it was mutual for the reason that he was never at any time the owner of the ground which he claims he intended to convey and described in the deed tendered to plaintiffs in correction of the first deed.

As defendant was not, at the time of the execution of the deed to Mrs. Adkins, the owner of the east four and one half feet of land described therein, was not in possession thereof, the covenant of indefeasible seizin was therefore broken as soon as made and she was entitled to recover the purchase money with interest from the date of its payment. *Allen v. Kennedy*, 91 Mo. 324; *Kirkpatrick v. Downing*, 58 Mo. 32; *Murphy v. Price*, 48 Mo. 247. An examination of the authorities cited by defendant and relied upon as announcing a different rule will show that they are not in point. In the case in hand defendant was not in the possession of the east four and one half feet of ground

described in his deed to plaintiff nor did he own it or put her in possession of it. He was not therefore seized of an indefeasible estate in it at the time of the execution of his deed and the grantee is entitled to recover the purchase money with interest.

The court committed no error in refusing the instructions asked by defendant. The judgment is affirmed. All of this division concur.