JOHN H. HOBEIN, Respondent, v. ADOLPHUS FRICK *et al.*, Appellants.

St. Louis Court of Appeals, February 23, 1897.

Deed, Construction of: INADMISSIBILITY OF ORAL TESTIMONY TO SHOW VERBAL WARRANTY. *Held:* That the phrase in a deed, following the description, "containing 111.70 acres," is a representation only, and not a warranty of quantity; and where such phrase is contained in a deed, after the description, and nothing is left by the deed to locate the land, no survey is provided for, the consideration is fully and definitely stated, and neither the land nor consideration is left uncertain, and there is no averment of fraud, accident, or mistake, in the making or procuring of the deed, oral testimony is inadmissible to add to, detract from, or to vary the written terms of the deed in respect thereto, or in any respect, or for any purpose.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

AFFIRMED.

*J. W. Booth* and *J. C. Kiskadden* for appellants.

Quantity becomes of the essence of the contract
sufficient to support an action of covenant, when it is
expressly declared in the deed that the land conveyed
contains an exact number of acres, and is not qualified
by expressions indicating that the quantity was esti-
mated.    3 Wash. Real Prop. [5 Ed.], star p. 673, top
p. 525; *Mendenhall v. Steckel*, 47 Md. 453, 464; *Mar-
bury v. Stonestreet*, 1 *Id*. 152; 1 Sug. Vendors [8 Am.
Ed.], 324, *et seq.; Housman v. Adams*, Mo. App., last
term, not yet reported.

Even in cases where the words "more or less" or
equivalent words have been used in connection with
the quantity expressed, if the difference is so great as
will naturally raise either a presumption of fraud or
mistake, then the quantity expressed becomes of the
essence of the contract, and an action of covenant will
lie.    *McCoun v. Delany*, 3 Bibb (Ky.), 46; *Tyler v.
Anderson*, 106 Ind. 185; *Paine v. Upton*, 87 N. Y. 327;
*Cravens v. Kiser*, 4 Ind. 512; *Couse v. Boyles*, 4 N. J.
Eq. 212; 1 Sug. on Vendors [8 Am. Ed.], 324, *et seq*.
See, also, *Tarbell v. Bowman*, 103 Mass. 341, 342.

But if it be held that defendants can not recovor
on the covenants in their deed, yet to compel them to
pay the whole purchase price would be inequitable, and
in such case, the vendee may recoup in equity the value
of the deficiency on a claim for the purchase price.
*McCoun v. Delany*, 3 Bibb (Ky.), 46, 48; *Mendenhall
v. Steckel*, 47 Md. 453, 460; *Paine v. Upton*, 87 N. Y.
327, 331, 332, 335; *Couse v. Boyles*, 4 N. J. Eq. 212,

216; *Gentry v. Hamilton*, 3 Ire. Eq. (N. C.) 376, 379; *Nelson v. Matthews*, 2 Hen. & M. (Va.) 164, 175, 180; *Bedford v. Hickman*, 5 Call. 236, 240; *Belknap v. Seeley*, 14 N. Y. 143–157; *Harrell v. Hill*, 19 Ark. 102–115; *Smith v. Fly*, 24 Tex. 345–350.

A purchaser is entitled to compensation for a misdescription as to quantity, although made without fraud. *Hill v. Buckley*, 17 Ves. 394; *White v. Cuddon*, 8 Cl. & Fin. 766; 1 Sug. Vendors [8 Am. Ed.], 324, *et seq.*

When a sale is by the acre a small deficiency or excess is sufficient to raise the presumption of fraud or mistake, and the sufferer is entitled to relief. *Craig v. Young*, 2 Bibb (Ky.), 82; *Shipp v. Swan, Id.* 82; *McCoun v. Delany*, 3 *Id.* 46; *Tyler v. Anderson*, 106 Ind. 185–190. See, also, *Hortleton v. Dickinson*, 51 Iowa, 244–253; *Murdock v. Gilchrist*, 52 N. Y. 242; *Page v. Sherman*, 6 Gray, 511–513.

*D. P. Dyer* for respondent.

"The mention of quantity of acres after a certain description, as by government subdivisions, is but matter of description, and does not amount to any covenant." *Wood v. Murphy*, 47 Mo. App. 553; *Powell v. Clark*, 5 Mass. 355; *Ware v. Johnson*, 66 Mo. 662; *Campbell v. Johnson*, 44 *Id.* 250.

This is not an action for the reformation of the deed, nor is there any proof or pretense of any fraud or mistake. The legal effect of the deed can not, therefore, be varied by oral testimony. *Wood v. Murphy*, 47 Mo. App. 539; *Morgan v. Porter*, 103 Mo. 135.

If the transaction (sale) was in good faith, and both parties be equally under a mistake as to the quantity, but not as to the boundaries, the sale will be binding on both parties, whether the land contains more or

fewer acres. 1 Story, Eq., secs. 144, 195; *Noble v. Googins*, 99 Mass. 235.

BLAND, P. J.—This case was argued and submitted at the October term, and an opinion prepared by Judge BIGGS. A motion for rehearing was filed and sustained. The case was resubmitted on September 22; has been reargued orally, and an additional brief filed by respondent's counsel. I am indebted to Judge BIGGS for the following full statement of the facts as set forth in the opinion prepared by him.

"On the tenth day of February, 1893, the defendants executed and delivered to the plaintiff their promissory note for one thousand, three hundred dollars, due and payable on March 1, 1895, and with interest from date at the rate of six per cent per annum. The present action is on the note, the defendants having failed to pay it at its maturity."

The defendants admitted the execution of the note, but claimed that they were equitably entitled to a credit thereon of $602.10. In support of this it was alleged in substance that the note was given for the balance of the purchase money of a farm bought by the defendant Adolphus Frick from the plaintiff; that the farm was purchased at an agreed price of $45 per acre; that the plaintiff represented that there were one hundred and eleven and seventy hundredths acres in the farm, whereas in fact there were only ninety-eight and thirty-two hundredths acres, being thirteen and thirty-eight hundredths acres less than the plaintiff represented, and which by his deed he purported to convey, and that Frick settled for the land upon the basis of one hundred and eleven and seventy hundredths acres, and that the note sued on represented the final payment.

The reply put in issue the new matter set up in the

answer.   The case was submitted to the court without
a jury.   At the conclusion of the evidence the court
gave the following instruction, to which the defendant
excepted, to wit:   "The court instructs as follows:
That under the law and evidence in this case the de-
fendants, or either of them, are not entitled to any
rebate on the purchase of the land as claimed by them
in their answers, and that the verdict and judgment
must be for the plaintiff for the full amount of the note,
with interest."   The judgment was for the plaintiff,
and the defendants have appealed.

In support of the right of set-off or recoupment,
the evidence offered by defendants (which consisted of
the testimony of the defendant Adolphus and his son)
tended to prove that the land was bought by the acre;
that the plaintiff represented that there was one hun-
dred and eleven and seventy hundredths acres in the
farm, and that the farm was purchased at an agreed
price of $45 per acre.   There was evidence also to prove
that after the deed was made the land was surveyed,
and that it contained only ninety-eight and thirty-two
hundredths acres.

On the other hand the plaintiff testified that he
and Magdalena Roseman sold the farm to Frick, and
that for it and some personal property the latter agreed
to pay the gross sum of $5,300, and as a further con-
sideration for the conveyance Frick agreed to allow
Magdalena to occupy a certain room in the house
(situated on the premises) during her life, and he also
agreed to provide for her suitable food, nursing, and
medicine so long as she might live.   The above consid-
erations were set forth in the deed and the land was
described therein as "the west half of the northwest
fractional quarter of section ten (10) in township
forty-four (44) range two (2) west, containing sixty-
three and eighty-six hundredths of an acre; also the

east half of the northwest fractional quarter of section ten (10) township forty-four (44) range two (2) west, containing forty-seven and eighty-four hundredths of an acre." This description as to quantity is according to the governmental subdivisions. The plaintiff denied that the land was valued at the sum of $45 per acre or at any other sum. In speaking of the negotiations he stated "that he first asked Frick $6,000 for the farm and the personal property, and that they finally traded on the basis of $5,300, Frick agreeing in addition to furnish Mrs. Roseman a room and support her during her life."

The court refused the following instruction:

"If from the evidence the court finds the issues for the defendant upon the allegations of said answer and plaintiff's denial thereof, as made in said replication, then the defendant is entitled to a rebate on the note sued on equal to the value of thirteen and thirty-eight hundredths acres of land at the price of $45 per acre, together with interest thereon at the rate of six per cent per annum from the tenth day of February, 1893."

As indicated by the instructions given and refused the trial court at the conclusion of the testimony struck out the defendant's evidence, evidently

CONSTRUCTION of deed: inadmissibility of oral testimony to show verbal warranty.

upon the theory that the words of the deed, "containing 111.70 acres," did not constitute a warranty of quantity, but were a representation of quantity only, and that oral evidence was inadmissible in an action at law to prove that the defendants verbally warranted the tract described to contain one hundred and eleven and seventy hundredths acres. The land described in the deed was a subdivision of a section, and according to the government estimate contained one hundred and eleven and seventy hundredths acres,

as admitted in the argument of this case, so that there was no uncertainty as to the metes and bounds of the land. The phrase in the deed following the description, "containing 111.70 acres," is not a warranty, but a representation of quantity. In circumstances of this sort was oral testimony admissible to show a verbal warranty as to the quantity of land; and a sale and purchase by the acre? Upon sound legal principles, we think this question must be answered in the negative. There was nothing left by the deed to be done to locate this land; no survey was provided for; the consideration was fully and definitely stated; neither the land nor consideration was left uncertain; there is no averment of fraud, accident, or mistake in the making or procuring of the deed. In the absence of these, I understand the rule to be, that oral testimony is inadmissible to add to, detract from, or to vary the written terms of the deed in any respect or for any purpose. In *Cook v. Combs*, 39 N. H. 592, in a case where it was sought to recover of the grantor for a deficiency of land below seventy-seven acres (the quantity stated in the deed alleged to have been sold by the acre), and where oral evidence was admitted, over objections to prove these facts, the court in reversing the case says: "The evidence objected to tended to prove a parol warranty of land made before the delivery of the deed and not incorporated in it, this evidence was inadmissible; it would vary the deed as much as parol evidence of warranty of title would vary the deed containing no warranty."

In *Cabot v. Christie*, 42 Vt. 121, the court says: "The agreements as to consideration and mode of payment need not be embraced in a deed, for the instrument purports to be the deed of but one of the parties. But it does purport to contain the covenants of the grantor, with respect to the property conveyed,"

and the court further says that if the quantity was warranted it should be proved by the deed, and that parol evidence is inadmissible for the purpose.

In *Martin v. Hamlin*, 16 Mich. 354, the facts were, complainant entered into a verbal agreement with the defendant to purchase of him a farm occupied by him, and well known to both, but which had never been surveyed. A few days prior to the execution of the deed and mortgage and notes for purchase money, defendant verbally represented the land to complainant to contain one hundred and ten acres, and that he would warrant that quantity; and it was also verbally agreed that complainant should get the land surveyed, and if the amount fell short, the deficiency should be indorsed on the mortgage. The description in the deed of warranty was "according to government subdivision," and it called for one hundred and ten acres. No fraud or mistake is charged by complainant, upon a survey, made some months afterward, when a ·deficiency of sixteen and one half acres was discovered. In a bill to compel defendant to indorse upon the mortgage the amount of the deficiency, held, that "the verbal agreement was merged in the deed, and must, in the absence of fraud, be presumed to contain all the terms finally agreed upon."

In *Caughenvins, Adm'r, v. Stauft*, 77 Pa. St. 195, the rule laid down in this class of cases, "is not to open the contract to allow a deficiency, or to recover for an excess, even if the sale be by the acre." To the same effect is *Hardin v. Kelly*, 15 S. E. Rep. 894.

Counsel for appellant has cited us to a number of cases, apparently announcing a different rule. Some of the older cases sanction the defense made in this case, and hold that recovery may be had for a deficiency, and that proof may be made of the sale by the acre, and of the warranty of quantity by verbal testimony.

Most of these cases, however, are to be considered in the light of their peculiar facts; others of this class are framed upon equitable grounds, and are for that reason distinguished from the case at bar.

The case of *Housman v. Adams*, number 6269, a recent case decided by this court (not yet reported) is one of this class. Here it was practically admitted that the sale was by the acre. The descriptions of the lands in the deed were vague and uncertain; in the language of Judge ROMBAUER, who wrote the opinion, they amounted to nothing. The defendant, by his answer, sought to have his deed corrected, so as to have the metes and bounds of the land actually sold set out and the land properly described. In this state of the pleadings the whole contract of sale was before the court to be ascertained and declared. The description of the land in the deed (if there was any at all) was by quantity, rather than by metes and bounds. The equity side of the court was addressed by the answer, and a prayer made for equitable relief. The defendant was asking equity, and before he got it, he was required to do equity. The verbal testimony admitted in this case did not vary or contradict the deed, for that was incomplete, uncertain, and, at law, was void for want of a description of the thing attempted to be conveyed.

The doctrine laid down in *Cook v. Combs, supra,* and other cases cited in this opinion supporting that doctrine, in our opinion announces the true rule, and is based upon sound legal principles. To adopt a contrary doctrine would be to establish a rule, by which verbal warranties could, *ad infinitum* and *ad libitum,* be engrafted upon deeds of conveyance of real estate, and grantors held to answer for breaches of warranties, not contained in their deeds, and of which they, perhaps, never heard until sued for their breach. Where there is fraud or mistake, or a false representation, upon

which the purchaser implicitly relied, a recovery for a considerable deficit in quantity, may, perhaps, be had, as was held in *Stubens v. Eddy*, 4 Mason, 414, on a bill framed upon recognized equitable rules and principles. But the law of this state has never reached out its hands to a complainant who had solemnly reduced his contract to writing, or who had acted upon that of another as written by accepting its conditions and taking its benefits, and said to him, "you may by oral testimony, engraft other covenants, agreements and warranties upon your contract or deed, by proving they were verbally agreed upon, before the written contract or deed was reduced to writing." This is what was attempted in this case, and the action of the trial court, in disregarding the oral testimony is approved, and the judgment is affirmed.

All concur.