## SAMUEL CORROUGH, Appellant, v. PETER HAMILL, Respondent.

### Kansas City Court of Appeals, December 19, 1904.

**PLEADING: Petition: Warranty Deed: Shortage of Acres: Fraud.** A petition seeking to recover money paid in a real estate transaction on the ground that there is a shortage in the number of acres recited in a general warranty deed, which petition is summarized in the opinion, is held not to state a cause of action, there being no allegation that the deed was fraudulently obtained, or that anything was omitted therefrom by fraud, accident or mistake, and without such averment the deed must be presumed to contain the final contract of the parties and measure defendant's liability.

Corrough v. Hamill.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*E. A. Vinsonhaler* for appellant.

(1) Now, if this court is of the same opinion as the trial court, then we confidently submit that the petition here contains every essential allegation in an action for money had and received, and as sustaining it. Koopman v. Cahoon, 47 Mo. App. 357; Hull v. Watts, 95 Va. 10; 22 Enc. Pl., p. 770; McGee v. Bell, 170 Mo. 135; Land Co. v. Simpson, 20 S. W. (Tex.) 953. (2) Where land is sold in gross these rules seem to be well settled. Starkweather v. Benjamin, 32 Mich. 305; 2 Warvelle on Vendors, 974, 822; 3 Washburn on Real Property, 491; 2 Pomeroy's Equity, sec. 838 et seq.; Belknap v. Seely, 14 N. Y. 143, 98 Mo. App. 401. (3) Upon this whole record we submit that appellant should not be required to again litigate these conceded and indisputable facts; but judgment upon the verdict as returned should be entered.

*Blagg & Cummins, John M. Dawson, A. F. Harvey* for respondent.

(1) Appellant's petition fails to state facts sufficient to constitue a cause of action, either on the contract or mistake of fact, and if it states anything it attempts to state a cause of action in fraud and deceit. Norton v. Bohart, 105 Mo. 630; Benn v. Pritchett, 163 Mo. 560; Leicher v. Keeney, 98 Mo. App. 394; Miees v. Summerville, 85 Mo. App. 183; Brauckmann v. Leighton, 67 Mo. App. 245. (2) All negotiations and contracts are merged in the deed and any suit on the contract must be on the covenants of the deed, and evidence of all prior or contemporaneous negotiations and

contracts are inadmissible, the deed not being ambiguous, the action not being to reform the deed and there being no fraud or mistake in the preparation of the deed. Wood v. Murphy, 47 Mo. App. 539; Brauckmann v. Leighton, 67 Mo. App. 245; Hobein v. Frick, 69 Mo. App. 263; Whelan v. Tobener, 71 Mo. App. 361; Miees v. Summerville, 85 Mo. App. 183; State ex rel. Yeoman v. Hoshaw, 98 Mo. 358; Morgan v. Porter, 103 Mo. 135; Davidson v. Manson, 146 Mo. 608. (3) Appellant can not maintain an action on the covenants of the deed, either on the facts alleged in his petition or proven at the trial, because the shortage, if any, is not great enough to amount to fraud. Wood v. Murphy, 47 Mo. App. 539.

ELLISON, J.—Plaintiff bought a tract of land of defendant lying in Nodaway county. After obtaining defendant's warranty deed thereto plaintiff discovered a shortage in the number of acres which he thought were in the tract and which defendant told him it contained. Plaintiff thereupon brought this action for the price or value of the land he alleges he paid for and did not get. On trial in the circuit court the jury returned a verdict for plaintiff in the sum of $1,000, which, upon defendant's motion, the court set aside on the ground that the petition did not state a cause of action, and plaintiff appealed from that order.

The petition alleges that plaintiff bought the land of defendant and took from him a contract of sale wherein the land was described merely as defendant's "farm in sections 10, 15 and 16; Tp. 62, R. 25, Nodaway Co. (being all the land in said sections owned by said Hamill and known as the Talbott and Terhune farms) at the price and sum of $62.50 per acre." The petition sets out a full copy of the contract and then proceeds to state that defendant afterwards executed to him his general warranty deed "whereby in consideration of $51,875" he conveyed the farm to plaintiff by proper

specific description, which description closed with the words, "all in township 63, range 35, and containing 830 acres, and being all the land owned by Peter Hamill in the above-named sections." It is then stated in the petition that defendant by such deed warranted the title to the premises. It is further stated that, "owing to the irregular boundary of said lands it was difficult to ascertain the quantity of land embraced in said description, that he (plaintiff) was a stranger and unacquainted with the land; that he purchased same by the acre and agreed to pay and did pay in full for 830 acres of land at $62.50 per acre." That defendant stated there were that number of acres before the delivery of the deed, which statement plaintiff believed and relied upon. The petition further stated: "Plaintiff says the statements of defendant as to the number of acres conveyed by said deed were false and fraudulent; that he was deceived thereby and paid to defendant the sum of two thousand dollars in excess of what was due under a mistake of fact induced and caused by the false statements of defendant that he knew the number of acres conveyed by said deed, upon which statement plaintiff relied."

There is no allegation in the petition that the deed was fraudulently obtained nor that anything was omitted therefrom by fraud, accident or mistake. The deed therefore must be presumed to contain the final contract of the parties and to measure defendant's liability. [Davidson v. Manson, 146 Mo. 608, 619, 620.] So accepting the deed we find that it does not contain a contract, covenant or warranty that the tract contained 830 acres. The deed merely recited that it did contain that number of acres and this amounted to a mere representation—the opinion of the grantor. [Hobein v. Frick, 69 Mo. App. 263; Wood v. Murphy, 47 Mo. App. 539.] The case stated in the petition and tried by the court is wholly unlike that of McGhee v. Bell, 170 Mo. 121.

We are of the opinion that the petition, as it stands, fails to state a cause of action and the judgment is affirmed.  All concur.