M. A. TURNER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1905.

1. COMMON CARRIERS: Contract: Reformation: Reply: Fraud: Mistake. Following Courtney v. Blackwell, 150 Mo. 278, it is held that where the carrier pleads a contract in bar of the plaintiff's action for delay in transporting stock to the market, the plaintiff may, by his replication, set up mistake in the contract and have the same reformed in equity, and then, by a separate trial, recover on his petition; and there is no difference in this respect between fraud and mistake.

2. ———: ———: ———: Mistake: Evidence. The mistake warranting the reformation of a contract must be mutual as is shown in the evidence in this case.

3. ———: ———: Instruction: Harmless Error. An instruction that does not mislead the jury is harmless, though erroneous.

4. ———: Damages: Claim: Recovery. A shipper is not concluded in regard to the quantum of his damages by the amount of his claim made before action brought.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,*
Judge.

AFFIRMED.

*Geo. S. Grover* and *N. T. Gentry* for appellant.

(1)    Both the agreement and the mistake must be
made out by the clearest evidence, according to the un-
derstanding of both parties as to what the contract was
intended to be, and upon testimony entirely exact and
satisfactory; and it must appear that the mistake consis-
ted in not drawing up the instrument according to the
agreement that was made. Tesson v. Ins. Co., 40 Mo.
36; 2 Pomeroy's Eq. Jur., sec. 870; Kerr on Fraud and
Mistake (Am. Ed.), 409. (2)    At the same time, all of
our courts and text-writers approve of the doctrine
(which is both old and new) that a mistake will not be
relieved against if it is the result of a party's own negli-
gence. Lewis v. Lewis, 5 Oregon 169; 1 Story's Eq. Jur.,
sec. 146; Bispham on Equity (4 Ed.), sec. 191; Willard
on Eq. Jur., 70; Tiedeman on Eq. Jur., sec. 183; Fetter
on Equity, sec. 82; Hollmann v. Conlon, 143 Mo. 384;
Graymes v. Sanders, 93 U. S. 55; Chamberlain v. Peltz,
1 Mo. App. 185; Pope v. Hoopes, 90 Fed. 451; Miller v.
Railway, 162 Mo. 441; Cannon v. Sanford, 20 Mo. App.
594; Bonney v. Stoughton, 122 Ill. 536; Overton v. In-
surance Co., 79 Mo. App. 4; Steinberg v. Ins. Co., 49 Mo.
App. 265. (3) As a general rule, when goods are deliver-
ed to a carrier for transportation, and a bill of lading or
a receipt is delivered to the shipper, he is bound to exam-
ine and ascertain its contents, and if he accepts without
objection he is bound by its terms and resort cannot be
had to prior parol negotiations to vary them." O'Brien
v. Kinney, 74 Mo. 125; Kellerman v. Railway, 136 Mo.
177; Railway v. Cleary, 77 Mo. 634; Estes v. Reynolds,
75 Mo. 565. (4)    The plaintiff, in his reply, did not ask
to have the live stock contract reformed; he prayed that

the same be set aside. For some reason, the trial court made an order and entered up a decree which attempted to reform said contract. This, the court was not asked to do; hence its unauthorized action constitutes reversible error. Benn v. Pritchett, 163 Mo. 571. That a plaintiff cannot sue upon one cause of action and recover on another is too well established to need argument or citation of authorities. Chitty v. Railway, 148 Mo. 74; Marcum v. Smith, 26 Mo. App. 460; Bigelow on Estoppel, pp. 639-642. (5) To justify the reformation of an instrument, the pleading must allege and the evidence must show that a mistake was made, and that said mistake was mutual. Henderson v. Beasley, 137 Mo. 199; Adkins v. Tomlinson, 121 Mo. 487; Ins. Co. v. Davis, 131 Mass. 316; Meade v. Ins. Co., 64 N. Y. 454; Cushman v. Ins. Co., 65 Vt. 569. (6) The reply was not the proper place for the plaintiff to raise this new issue, an issue entirely different from the issues raised by the petition. It is true that the act of May 24, 1899 (Session Acts, 1899, page 108, which is now embodied in R. S. 1899, sec. 654) provides that certain new issues may be raised for the first time in a reply. But that statute limits said issues to cases where the release or settlement was fraudulently or wrongfully procured. Said statute was enacted in view of the decisions in the Och case (130 Mo. 27), and the Girard case (123 Mo. 358), and the Blackwell case (150 Mo. 245). In all three of said cases a release was pleaded as a defense to plaintiff's action. And in all three the plaintiff replied by alleging fraud in the procurement of said release. R. S. 1899, sec. 607; Crawford v. Spencer, 36 Mo. App. 83; Bliss on Code Plead. (3 Ed.), sec. 396; Pomeroy's Code Rem. (4 Ed.), sec. 588; Magruder v. Admire, 4 Mo. App. 133; Plubert v. Burch, 4 Mo. App. 470; McMahill v. Jenkins, 69 Mo. App. 281; Mahoney v. Reed, 40 Mo. App. 109; Hill v. Mining Co., 119 Mo. 30; Depot Co. v. Railway, 131 Mo. l. c. 311; Koffman v. Railway, 95 Mo. App. 473. (7) Plaintiff's instruction numbered 1 was confusing and

misleading in the extreme. It submitted to the jury an issue not found in the petition, to-wit, whether a mistake was made by defendant's agent at Columbia. Ragan v. Railway, 144 Mo. 1. c. 635; Donato v. Morrison, 160 Mo. 581; Kirby v. Railway, 85 Mo. App. 345; Hughes on Instructions, sec. 65. (8) The verdict of the jury is excessive, as the plaintiff recovered more than the amount asked by him when his claim was presented to defendant's agent in St. Louis. Hamilton v. Railway, 80 Mo. App. 597; Brown v. Railway, 18 Mo. App. 568; Dawson v. Railway, 76 Mo. 514; Lawson on Carriers, sec. 120; Hutchinson on Carriers, sec. 259.

*C. B. Sebastian* for respondent.

(1) Such a claim under the circumstances will not receive recognition in a court of equity. Defendant will not be heard to say it made a mistake, and then say it cannot be corrected. (2) But appellant further says that respondent did not ask to have the contract reformed. He asks to have it set aside. It overlooked the further prayer "for such other and further judgments, orders and decrees as the nature of the case may require." It is elementary law that when a court of equity obtains jurisdiction it is not bound to grant relief in the exact form sought, but may and will give all proper relief, and especially is this true when there is the general prayer for relief. (3) Appellant admits the power of the court to reform the written contract provided a mistake is made and proven. In this case the mistake is not only clearly alleged and proven by all the evidence, but stands admitted by appellant, and this is virtually conceded by appellant when it says in its next point "that the issue was not raised in the proper place." (4) The petition is in the usual form for a case of negligence. We did not know until defendant filed its answer what the defense would be. The only intimation we had was in the letter of the claim agent,

Becker, admitting the mistake but claiming that the delay was occasioned by the Terminal company. (5) When defendant filed its answer, setting up its written contract as a defense, it was the first time we had any need for its reformation and we very promptly proceeded to have it reformed as our Supreme Court in the case of Courtney v. Blackwell, 150 Mo. 278, says it should be done. Appellant complains of the first instruction given by the court on the part of plaintiff. An examination of this instruction will show that it is not open to the criticism made. It follows the allegations of the petition and permits a recovery on a finding by the jury that the defendant was guilty of negligence in the billing and shipping of plaintiff's cattle. But the admission of that issue seems to be sanctioned by section 654, R. S. 1889. (7) If it could be claimed to be an error to submit the question of mistake in the written contract to the jury after the finding of that fact by the court as a court of equity instead of giving a peremptory instruction on that point then it was not prejudicial to appellant and does not constitute a reversible error and should not be considered by this court. Berkson v. Railway, 144 Mo. App. 211. (8) Appellant seriously contends that the damages are excessive and that the case should be reversed for that reason, because the jury returned a verdict for $3.51 more than the amount of the claim sent in. This claim for damages placed the extra shrinkage at 25 pounds per steer while the evidence showed it to be about 40 pounds.

ELLISON, J.—The plantiff shipped two carloads of cattle from Columbia, Missouri, to Chicago, Illinois, one carload of which he charges was negligently delayed en route, which caused undue and unnecessary shrinkage in weight to his damage. The judgment in the trial court was for plaintiff.

It appears that it was the understanding that the shipment was to be by way of St. Louis, and that by such

mode of shipment plaintiff had an opportunity of the market at the latter place, and that, if it did not suit him, the cattle would be reshipped on to Chicago. There was a written contract of shipment. In the face of the contract, the provision to ship by way of St. Louis was inadvertently omitted by the defendant's agent in writing the contract. But, in the usual endorsement made on the back of such contracts, the agent wrote the shipment was "via St. Louis." It was handed to the plaintiff in that way and he, under the circumstances, was deceived into the belief that the face of the contract was properly drawn to correspond with what was written on the back. In bringing the suit, plaintiff declared against the defendant for a violation of its duty in that it was guilty of a negligent delay. The defendant by answer set up the written contract. Whereupon, plaintiff by reply set up the facts concerning the contract, charging the mistake and asking that the contract be set aside and for such further orders, decrees, or judgment as the nature of the case might require. The issue thus made was tried by the court as a chancellor and a finding had in plaintiff's favor, that the contract be reformed to accord with the intention of the parties. The case proper was then tried and resulted in a judgment for plaintiff as above stated.

The mistake, above suggested, was shown to have been admitted by defendant. But the ground is taken here that the issue of mistake was improperly raised by the pleadings; it being defendant's position that a reformation of the contract should have been asked in the petition and that it was not proper to put in the reply to the answer that which, defendant contends, should have been in the petition in the first instance. Defendant has cited many authorities that bear more or less on the question. We are, however, relieved of the necessity of discussing these, since the Supreme Court has decided, in a comparatively recent case, that it is proper pleading to ask in reply to defendant's answer, setting up such

contract, that it be reformed. [Courtney v. Blackwell, 150 Mo. 278.] That case was one involving fraud. While in this case, though fraud was charged in the reply, so also was mistake charged, and mistake is what plaintiff relies upon and which he clearly showed at the trial. Defendant seeks to draw some distinction between the case just cited and this case, based on the ground that the former was for fraud and the latter for mistake. We cannot find any room for a distinction and, hence, following the rule laid down by the Supreme Court, we rule the point against defendant.

But it is set up in defendant's brief that, for a mistake to be made the subject of aid from a court of equity, it must be mutual. Grant it (Benn v. Pritchett, 163 Mo. 560; Adkins v. Tomlinson, 121 Mo. 487). We find it was mutual in this case. Defendant does not deny the mistake on the part of its station agent at Columbia, and its general agent admitted it in a letter to plaintiff. There is no doubt, from the evidence, that plaintiff was mistaken as to the face of the contract and that he was led or deceived into such mistake by the act of defendant's agent in endorsing on the back of the contract that it was a shipment by way of St. Louis.

In plaintiff's first instruction was included the question whether there had been a mistake made in the omission from the contract. The defendant suggests that such mistake had been already found as a fact, and the court had reformed the contract on account thereof, and that it was therefore confusing to the jury to submit such matter to them as though an issue in the case. We think there is no good reason to suppose that such matter misled the jury and rule the point against defendant.

It is finally suggested that the verdict is excessive, for the reason that it is in excess of the sum asked by plaintiff when he made his claim to defendant before bringing suit. The verdict does exceed, by a small sum, the claim made by defendant. But, as it is sustained by

the evidence, we see no objection on the ground stated by defendant. A shipper is not concluded in his action by the amount of his claim made before action brought. It may doubtless be evidence against him, but there may be many good reasons why it should not conclude him.

A full examination of the case has satisfied us that no substantial error was committed, and the judgment is therefore affirmed. All concur.