HENRY E. FOSTER, Respondent, v. ARTHUR S. BYRD, Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. **EQUITY: Reforming Deed: Evidence: Deferring to Trial Court.** Where in an action to reform a deed the appellate court is not satisfied that the preponderance of evidence is against the finding of the trial court it will not disturb the finding.

2. **COVENANT FOR TITLE: Recital in Deed: Limitation.** Where the grantor in a warrantee deed covenants to give the grantee indefeasible seizin of an entire quarter section of land the accompanying recital, containing one hundred and sixty acres of land, more or less, is a mere representation of opinion and not a covenant restricting the grant to one hundred and sixty.

3. ————: **Contemporaneous Documents: Inconsistencies.** A warranty deed and a deed of trust, back, were delivered contemporaneously, the former called for the whole quarter section, the latter for the quarter section except a certain right of way strip. *Held,* the two deeds were not inconsistent and the trust deed did not limit the quantity of land conveyed by the warranty deed. Cases distinguished.

4. **SEIZIN: Possession: Action.** Where the possession of a portion of the land conveyed by a warranty deed cannot be given by the grantor, the covenant of seizin is broken at the delivery of the deed and an action accrues thereon.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*C. C. Bigger* for appellant.

(1) The rule of law is well settled that when two or more instruments of writing are executed or delivered contemporaneously, for the same purpose, in relation to the same subject-matter, and to accomplish a common purpose, they will be held to constitute but a single instrument, and the recitals in one may be explained, lim-

ited or changed by the contents of the others. Houck v. Frisbee, 66 Mo. App. 16; McDonald v. Wolf, 40 Mo. App. 302; Hunt v. Weed, 65 Mo. App. 529; Machine Co. v. Hills, 68 Mo. App. 249; Owingo v. McKenzie, 133 Mo. 334. (2) While the warranty deed from appellant to respondent described the entire quarter section and omitted to mention or except from the description the fifty-foot strip off the west side of the quarter section of land described in the deed, yet the deed of trust, from respondent back to appellant to secure the payment of a part of the purchase money did mention and except therefrom said strip of land. The warranty deed and deed of trust were delivered at the same time, related to the same subject-matter, and will be taken and considered as one instrument and construed as such. The description of the land as contained in the warranty deed was modified by the exception contained in the deed of trust. Geer v. Redman, 92 Mo. 375; Fontain v. Saving Asso., 57 Mo. 560; Cleveland Park Co. v. Campbell, 65 Mo. App. 109.

*A. W. Mullins, O. F. Libby* and *H. J. Libby* for respondent.

(1) The trial court heard the evidence and found there was no mutual mistake in the description of the land as described in the warranty deed. And this court will defer to the trial court in its finding of facts, and especially when, as in this case, the preponderance and weight of the evidence supports the finding and judgment of the court. Taylor v. Cayce, 97 Mo. 242; Rowlins v. Rowlins, 102 Mo. 563; Bank v. Murry, 88 Mo. 191; Parker v. Roberts, 116 Mo. 657; Ryan v. Dunlap, 111 Mo. 205; Dunivan v. Dunivan, 157 Mo. 157. (2) There was no mutual mistake. Caldwell v. Henry, 76 Mo. 254; Raley v. Williams, 73 Mo. 310; McGhee v. Bell, 170 Mo. 121; 1 Story, Equity Jurisprudence, art. 139. (3) There was no contemporaneous making and delivery of the

warranty deed and trust deed. The warranty deed was made and delivered in escrow January 17, 1902. The trust deed was signed February 19, 1902, and delivered in March, 1902. When respondent complied with the terms of his written contract, the delivery March 10, 1902, of the warranty deed took effect and related back to January 17, 1902, while the trust deed took effect the day it was delivered, to-wit: March 10, 1902. 3 Washburn, Real Property, sec. 586, p. 27; Ruggles v. Lawson, 13 Johnson 285. (4) The deed made by appellant to respondent dated January 17, 1902, must be held to contain the final contract of the parties, especially after respondent had paid $500 on the purchase price and obligated himself to pay the remainder March 10th thereafter. Davidson v. Manson, 146 Mo. 608; Adkinson v. Tomlinson, 121 Mo. 487; Carraugh v. Hamill, — Mo. App. -— 84 S. W. 96. The appellant covenanted to convey the whole southeast quarter of section 30 to respondent, when in fact he did not own the entire quarter; had previously conveyed three acres of the west side. The covenants of seizin were broken at the time he delivered the deed, and a right of action for the value of the three acres accrued at the time of such delivery. Adkinson v. Tomlinson, 121 Mo. 487; Murphy v. Price, 48 Mo. 247; Allen v. Kennedy, 91 Mo. 324; Pecon v. Chouteau, 13 Mo. 527. (6) The provisions in the deed that the tract conveyed contained 160 acres more or less, was merely a representation and not a covenant, and does not limit or abridge the respondent's right to sue and recover.on the covenants of seizin in said deed contained. Carrough v. Hamil, supra; Hobein v. Frick, 69 Mo. App. 263; Wood v. Murphy, 47 Mo. App. 539.

JOHNSON, J.—This is an action to recover damages for the breach of covenants of seizin and warranty contained in a warranty deed executed and delivered by defendant to plaintiff, wherein the grantor undertook to convey an entire quarter section of land in Linn county.

A jury was waived and the court found the issues in favor of plaintiff and entered judgment accordingly. Defendant appealed.

It appears that the quarter section of land described in the warranty deed contains about one hundred sixty-four acres. Defendant at one time owned the whole tract, but in 1888 deeded to a railroad company a strip fifty feet wide along the west boundary line for a railroad right of way. This strip contained more than three acres and its conveyance left defendant in the ownership and possession of a fraction more than one hundred and sixty acres. Plaintiff, then a citizen of Illinois, came to Linn county in January, 1902, to buy a farm and accompanied by a real estate agent visited defendant's farm and entered into negotiations with him for its purchase. Defendant fixed the price at which he would sell at $8,800. Plaintiff examined the land and, observing the railroad, states that he asked defendant if "it cut the field" and was told that it did not; he then inquired if defendant owned the full quarter and the latter replied that he did. This conversation is denied by defendant who testified, "I said nothing to Mr. Foster in regard to the strip deeded to the railroad. I sold him the quarter section of land without saying anything to him about that strip; he has a quarter section inside the fences; I sold him what land I had there, nothing was excepted in the contract or deed." Plaintiff further said, but in this was contradicted by defendant, that the price was computed by defendant at $55 per acre. On the next day, January 17th, plaintiff informed defendant he would buy the place and the parties met in a lawyer's office in Laclede and entered into a written contract, which expressed the following agreement. Defendant agreed to execute a warranty deed conveying to plaintiff land described as "all the southeast quarter of section No. thirty," etc., in consideration of the payment of $8,800 on these terms: $500 cash was to be paid on the signing

of the contract and the execution of the warranty deed by defendant; $3,500 to be paid in cash on March 10th; and plaintiff was to execute and deliver his promissory note to defendant for the remainder of the purchase money — $4,800 — and secure its payment by a deed of trust on the land. The contract and warranty deed were to be deposited in a bank in Laclede, the latter to be delivered to plaintiff by the banker on the payment of the $3,500 in cash and the delivery by plaintiff of his note for $4,800 and the trust deed securing it. At the time of the signing of this contract defendant and his wife executed and acknowledged a warranty deed in which, for the expressed consideration of $8,800, they conveyed to plaintiff the land as described in the contract, i. e., the entire quarter section without excepting the part thereof previously deeded by them to the railroad company. Both plaintiff and defendant could read and write. The former states the contract and deed were read aloud by the attorney who prepared them before they were signed, but defendant says he executed the papers without reading them or hearing them read. The contract and deed were then deposited, as agreed, with the banker and plaintiff immediately returned to his home in Illinois. Shortly thereafter he received from the attorney at Laclede an abstract of title to the property and a note and trust deed duly prepared, so the attorney stated in the accompanying letter, in accordance with the provisions of the contract respecting the deferred payment of $4,800. The trust deed, however, in the description excepted the strip of land previously conveyed. Plaintiff noticed this, but said nothing about it to defendant or the Laclede attorney and at the appointed time paid $3,500 in cash to the banker, delivered his note for $4,800 and the trust deed duly executed, and received the warranty deed in return. He then brought this suit to recover the value of the three acres contained in the portion of the quarter section conveyed to the railroad company. In

his answer, defendant alleges, "that at the time said warranty deed and deed of trust were so written, executed and delivered, it was well known to plaintiff the defendant did not own said strip of land and was not, and did not sell or attempt to sell the same to plaintiff, and that plaintiff was not buying the same, and that said strip of land was included in said warranty deed through and by the mutual mistake of the plaintiff and defendant and the scrivener who prepared said deed." The answer concludes with a prayer that the deed be reformed to express the actual agreement of the parties under which the sale was made. The reply is a general denial. No declarations of law were asked by either party.

In this state of the case the judgment of the trial court will be accepted as a finding against defendant on the issue raised in the answer, that the inclusion of the right of way in the description of the land conveyed in the warranty deed was the result of a mutual mistake. The evidence introduced by plaintiff strongly negatives the conclusion that such mistake occurred. He, being a stranger to the land, asked defendant if he owned the entire quarter and received an affirmative answer. If his testimony is to be believed, the written contract of sale and warranty deed expressed the actual agreement made. We are not satisfied that the preponderance of the evidence is against the finding of the learned trial judge on this issue and therefore the finding will not be disturbed. [Taylor v. Cayce, 97 Mo. 242; Rawlins v. Rawlins, 102 Mo. 563; Bank v. Murray, 88 Mo. 191; Parker v. Roberts, 116 Mo. 657; Dunivan v. Dunivan, 157 Mo. 157.]

In the warranty deed defendant covenanted to give plaintiff the indefeasible seizin of the entire quarter section. The recital in the description that the tract contained one hundred' and sixty acres, more or less, was a mere representation of the opinion of the grantor and not his covenant to convey that quantity of land, nor an

agreement between him and the grantee to restrict the extent of the grant to such represented quantity. [Corrough v. Hamill, 84 S. W. 96; Hobein v. Frick, 69 Mo. App. 263; Wood v. Murphy, 47 Mo. App. 539.]

But defendant assumes that the delivery of the warranty deed in escrow was not a delivery thereof to plaintiff and that plaintiff · did not become vested with any title to the land before the actual delivery of the deed to him and argues that as this delivery was concurrent with that of the deed of trust from plaintiff to defendant, both deeds should be construed as one instrument. We may stand with defendant on this ground and yet find ourselves unable to agree with his conclusion that the description in the deed of trust of the tract conveyed serves to control or modify the extent of the conveyance from defendant to plaintiff. The land described in the trust deed is included within the description appearing in the warranty deed and the mere fact that it does not embrace all of the land conveyed by defendant does not bring the two deeds in conflict nor of itself even suggest a mistake or inconsistency. Certainly a vendor in conveying a tract of land and accepting from his vendee a trust deed conveying a part only of the tract to secure unpaid purchase money does not raise any question relative to the extent of the grant. That is controlled by the covenants of the warranty deed. There being no inconsistency between the terms of the two deeds, there is nothing to harmonize and the principle followed in the cases of Gerr v. Redman, 92 Mo. 375, and Land Company v. Campbell, 65 Mo. App. 109, has no application.

The possession of the three acres in question was not and cannot be delivered by defendant to plaintiff. The covenants of seizin were broken by defendant at the time of the delivery of the warranty deed and a cause of action then accrued to plaintiff for the recovery of the damage sustained. [Adkins v. Tomlinson, 121 Mo. 487;

Murphy v. Price, 48 Mo. 247; Allen v. Kennedy, 91 Mo. 324; Pecare v. Chouteau, 13 Mo. 527.]

The judgment is affirmed. All concur.