THOMAS M. RAINEY ET AL., APPELLANTS, v. JAMES OSCAR DAVIDSON, RESPONDENT.

Kansas City Court of Appeals. April 7, 1930.

• *Wm. E. Rainey* for appellants.

*Lawson & Hale* for respondent.

ARNOLD, J.—This is an action in damages for a breach of covenants contained in a general warranty deed, dated April 2, 1918.

The alleged breach, as recited in the petition, is that at the time mentioned, defendant made and delivered to plaintiffs a deed in which the land described was warranted to contain full eighty acres, whereas, in fact, it contained only 78.426 acres, a shortage of 1.574 acres. The land so conveyed is described as being the north end of the southwest quarter, section 30, township 51, range 32, in Clay county, Missouri, which defendant claimed to own in fee simple. The petition alleges plaintiffs entered into a contract with defendant whereby plaintiffs agreed to purchase the said eighty acres of land for the price and sum of $175 per acre, amounting to the total sum of $14,000, and defendant agreed to furnish a deed containing

covenants of general warranty and an abstract showing title in defendant. The petition asks damages for the shortage at the sale price of $175 per acre, and $100 expended for surveys, making a total of $375.45. The suit was filed in May, 1928. The petition further alleges that on March 21, 1918, the deed was executed, but erroneously described the land therein contained as the north half of the southwest quarter, section 30, township 51, range 32, "containing eighty acres more or less;" that the abstract of title furnished by defendant showed the southwest quarter of said section 30 was fractional and contained, by government survey, only 157.53 acres.

It is in evidence that the deed conveying the land in question describes it as containing eighty full acres north of a certain fence forming the south boundary of the land. It is agreed that in fact the tract contained only 78.426 acres and that the same was short of eighty acres by 1.574 acres. It is also agreed that defendant owned only the 78.426 acres when said deed was executed and delivered, and that he never delivered more than that acreage.

The petition affirmatively states there was no fraud or fraudulent misrepresentation, but that both parties mutually, erroneously and mistakenly believed that the said quarter section contained only 157.53 acres, as shown by the government survey; and that the portion of said quarter section lying south of the fence above mentioned contained 77.50 acres. The petition does not allege that the fractional tract lying south of said fence contained more than 77.50 acres; but that some surveyors recently determined by survey that the government survey was wrong and that in fact the quarter did not contain as much as 157.53; that the mistake of defendant was in representing to plaintiff that the acreage shown by the government survey was correct, and in making a deed on the faith of that survey. There is no charge in the petition that there was an eviction, actual or constructive, of any part of the land, following. In short, the charge is that defendant made a deed conveying eighty acres when, as a fact, there were only 78.426 acres owned and delivered by him.

Defendant interposed a demurrer to the petition on the grounds (1) the petition does not state facts sufficient to constitute a cause of action; (2) the five-year Statute of Limitations, section 1317, Revised Statutes 1919, and (3) the ten-year Statute of Limitations, section 1316, Revised Statutes 1919, had run and the cause of action was barred. The demurrer was sustained; plaintiffs refused to plead further, judgment was entered for defendant and plaintiffs have appealed:

There are no formal assignments of error other than that the court erred in sustaining the demurrer, presumably holding that

plaintiffs' cause of action is barred by the ten-year Statute of Limitations. In considering this point it is proper to determine when the statute began to run, and to this end, two dates must be kept in mind, to-wit, that a corrected deed on which the suit is based, was executed on April 2, 1918, as stated in the petition, and that the suit was instituted on May 28, 1929. It is plaintiff's position that the Statute of Limitations did not begin to run until the time in 1928 when plaintiffs were informed that a deficiency existed in the tract conveyed by defendant's corrected deed; that the covenants relied on constitute a continuing indemnity running with the land; and though the grantor had neither title nor possession of part of the tract conveyed, such covenants are technically breached when the deed is made, but that limitation does not begin to run until grantee is informed of the facts which impart to him notice of the breach. On the contrary, defendant's position is that if the grantor, when making and delivering a deed, is not in possession of a part of the property described in the deed, and has no title to it, his covenants of warranty and of seizin are broken as soon as made, and the measure of damage is the purchase price of that part, with interest from date of the deed. An action accrues at the delivery of the deed and limitation begins to run when the cause of action accrues and suit may be brought. The second subdivision of section 1316, Revised Statutes 1919, provides:

"Actions brought on any covenant of warranty contained in any deed of conveyance of land shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in such deed, and actions on any covenant of seizin contained in any such deed shall be brought within ten years after the cause of such action shall accrue;"

It has been held repeatedly that where a grantor when making and delivering a deed is not in possession of a part of the property therein described, and has no title to it, his covenants of warranty and seizin are broken as soon as made. The right of action accrues on delivery of the deed and the Statute of Limitations runs from the earliest time at which an action could be brought. [Boyd v. Buchanan, 176 Mo. App. 56, 162 S. W. 1075.] In Falk v. Organ, 160 Mo. App. 218, 223, 141 S. W. 1, it was held by the Springfield Court of Appeals:

"The court gave on behalf of the defendants an instruction that if the defendants had no title to the land and no possession, and did not put plaintiff in actual possession of the land, then the covenants of seizin were broken immediately and the Statute of Limitations began to run at the date of the conveyance."

To the same effect is Chambers v. Smith, 23 Mo. 174, 178. We think this point was fully determined in Adkins v. Tomlinson, 121 Mo. 487, 495, 26 S. W. 573, where the court said:

"As defendant was not, at the time of the execution of the deed to Mrs. Adkins, the owner of the east four and one-half feet of land described therein, in possession thereof, the covenant of indefeasible seizin was therefore broken as soon as made and she was entitled to recover the purchase money with interest from the date of its payment." [See also Foster v. Byrd, 119 Mo. App. 168, 96 S. W. 224, and Jeffords v. Dreisbach, 168 Mo. App. 577, 153 S. W. 274.]

Plaintiff refers to section 1317, Revised Statutes 1919, as authority for the contention that the Statute of Limitations does not begin to run "until the truth of the facts represented is discovered," and cites cases involving fraud. The fifth subdivision of section 1317 reads:

". . . an action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."

This is an action upon a covenant of warranty and section 1316, Revised Statutes 1919, controls. Therefore section 1317 does not apply here. Plaintiffs seem to depend upon the provisions of section 1315, for support in their position that the cause of action did not accrue until plaintiffs learned the warranty was breached and the acreage conveyed to them was short.

We think this position is untenable for the reason that the injury, if any, occurred at the time the deed was delivered and the breach completed, and was then ascertainable, whether ascertained or not. The petition alleges part of the land warranted was not delivered. It is admitted plaintiffs were ignorant of the alleged shortage and it is argued this ignorance held in abeyance the running of the statute. This position is not good, for the reason that, under the cited cases, a suit could then have been brought. The proviso in section 1315 was added to the prior statute since the deed in question here passed. Prior to May 12, 1919, the section was, as follows:

"Civil actions, other than those for the recovery of real property can only be commenced within the periods prescribed in the following sections, after the cause of action shall have accrued." [Sec. 1887, R. S. 1909.]

The proviso now appearing in section 1315, Revised Statutes 1919, is as follows:

"Provided, that for the purposes of this article, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage

resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered and full and complete relief obtained.''

Of course plaintiffs could not bottom their suit upon the provisions of a statute not then in existence and which could not operate retroactively. It must be held that under the statute then in existence the limitation began to run at the time the deed was delivered, to-wit, April 2, 1918. The suit was begun, therefore, more than ten years after the right of action accrued. [Brown v. Grinstead, 212 Mo. App. 533, 539, 252 S. W. 973; Denning v. Meckfessel, 303 Mo. 525, 533, 261 S. W. 55.] The action of the trial court in sustaining the demurrer to the petition was proper, and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.