GEER, *Plaintiff in Error*, v. REDMAN.

1. **Covenant Against Incumbrances**: TAXES. Defendant, in 1882, conveyed land in this state to plaintiff by warranty deed, with a general covenant against incumbrances, in consideration of which plaintiff, on the same day, conveyed to him certain lands in Michigan, and, also, executed to defendant a deed of trust on the Missouri lands, to secure the payment of two promissory notes, in which deed of trust he expressly covenanted to pay all taxes then existing on such lands. *Held*, the general covenant in the deed was qualified by the special covenant in the deed of trust, and that plaintiff could not recover in a suit upon the covenant against incumbrances for taxes paid by him for 1882 on the land conveyed to him by defendant.

2. **Practice**: EVIDENCE: OBJECTIONS. Where objections to evidence upon the trial are general, without any specific grounds being assigned, the case stands, upon appeal, as if no objections had been made, and the appellate court will not review the point.

*Appeal from Ralls Circuit Court.*—HON. THEO. BRACE, Judge.

AFFIRMED.

*Bristow & Lighter* for plaintiff in error.

(1) The admission in evidence on part of defendant of the trust deed to Lighter, trustee, and also testimony of the agreement between plaintiff and defendant in regard to taxes, anterior to deed was error. The general denial puts in issue the facts pleaded in the petition,

not the liability. Bliss on Code Pleading, sec. 352. (2) The facts from which the law draws the conclusion of non-liability must be pleaded in the answer, when they are not stated in the petition. *Northrup v. Ins. Co.*, 47 Mo. 435; *Moron v. Pitt*, 21 Mo. 391; *Tinsly v. Quick*, 9 Minn. 197; *Musser v. Adler*, 86 Mo. 445. The court should have excluded the trust deed to Lighter for another reason; it was not between the same parties, and, as it purported to convey the same land as that conveyed by defendant to plaintiff in the deed sued on, he could not, by the existence of one covenant in a subsequent conveyance, discharge, or relieve, from a former covenant in a prior deed. *Thomas v. Cox*, 6 Mo. 500; *Paul v. Edwards*, 1 Mo. 30. (3) The court should have given the instruction asked for by the plaintiff. *McClassen v. Shible*, 45 Mo. 130; *Blossom v. VanCort*, 34 Mo. 390; *Shelton v. Piase*, 10 Mo. 473. There was nothing in the pleadings to apprise the plaintiff of the defence relied on, and that defence consisted, first, in another and separate deed; second, in a parol agreement made anterior to the deed, and, since neither the trust deed nor the parol agreement were specially pleaded or referred to, in any way, by the pleadings, the court ought not to have admitted testimony of either, and the plaintiff, having (as the court admitted by refusing the defendant's demurrer) made a *prima facie* case, was entitled to judgment.

*R. F. Roy* and *Thos. H. Bacon* for defendant in error.

(1) The issue tried and submitted was as to variance between the alleged and the true contract, and this issue was presented by the general denial. *Treat v. Brush*, 11 Mo. 310. The oral testimony was admissible to show the contemporaneous execution of the conveyance deed and the purchase money trust mortgage as

one and the same transaction (*Fontaine v. Savings Bank*, 57 Mo. 552, 559), and to show the real consideration as an exchange (*Miller v. McCoy*, 50 Mo. 214), and to show an oral agreement that the vendee should pay certain taxes on the land conveyed. *Landman v. Ingram*, 49 Mo. 212. The even date and simultaneous record (*Fontaine v. Savings Bank*, 57 Mo. 560, and *Wilcoxon v. Osborn*, 77 Mo. 621, 629) of the deed, and of the trust mortgage containing the recital that it was for purchase money, afford an independent presumption that the two instruments were one and the same mutual act. By his reciprocative covenant, the plaintiff bound himself to pay the tax on which he sues under his covenant against incumbrances. (2) The plaintiff cannot claim any error by exception, since he did not specify any ground of objection to introduction of evidence. *Holmes v. Braidwood*, 82 Mo. 610.

PER CURIAM.—This was a suit on the covenant against incumbrances in a deed to recover an amount paid for taxes for the year 1882. The answer was a general denial.

The facts are as follows: On the twenty-ninth of January, 1882, the defendant, Redman, by a warranty deed, with a general covenant against incumbrances, conveyed to plaintiff, Geer, two parcels of land in Ralls county, upon which the taxes for that year had not been paid, and which the plaintiff paid. As a part of the consideration, Geer conveyed to Redman certain lands in the state of Michigan; he, also, as another part of the consideration, made a deed of trust upon the Missouri land to secure the payment of two promissory notes, and, in this deed of trust, he, in express terms, covenanted to pay all taxes then existing against the land. It, also, appears, by parol evidence, that, at the time the deeds were made, plaintiff agreed to pay the taxes on land in Missouri, and the defendant agreed to

and had paid the taxes on the Michigan land for the same year, 1882.

The deed sued upon and the deed of trust were made upon the same day, delivered at the same time, conveyed the same land, and were different parts of one and the same transaction, and may be taken and read together. The general covenant in the deed was qualified by the special covenant in the deed of trust, and the two instruments show that plaintiff was to pay the taxes for which he sues. Objections were made by the plaintiff to the introduction of the deed of trust in evidence, and to the evidence of the payment of taxes by defendant, and to the parol proof of the agreement with respect to the payment of the taxes; but the objections were general, without any grounds being assigned, and the case stands as if no objections had been made. All concur.