THE CLEVELAND PARK LAND AND IMPROVEMENT COMPANY, Appellant, v. JAS. M. CAMPBELL, Respondent.

Kansas City Court of Appeals, February 3, 1896.

1. **Deeds:** DEEDS OF TRUST: CONSTRUCTION.   A deed for land and a deed of trust back for the purchase money must be read and considered together as one and parts of the same transaction; and where the terms conflict the court should harmonize them so as to give effect to all portions of the contract.

2. **Covenants for Title:** INCUMBRANCES: PRIOR ASSESSMENT FOR BENEFITS.   A warranty deed covenanted against all existing taxes, etc., except taxes subsequent to the year 1886.   The deed of trust back by the purchaser bound him to pay on demand all taxes and assessments, general and special, now existing against said land and all taxes and assessments, general and special, hereafter levied thereon.   *Held*, the provisions of the deed of trust should be regarded as qualifying the general covenants of the deed against incumbrances and makes the grantee in the deed liable for special assessments and not the grantor.

3. **Deeds**: CONSTRUCTION: TAXES: ASSESSMENTS FOR BENEFITS. Special assessments for improving streets are not taxes in the proper sense of that term, and do not come within the exceptions for a covenant against incumbrances in a warranty deed, such as "except taxes subsequent," etc.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Palmer & Parker* for appellant.

(1) The ordinance of Kansas City constituted an incumbrance against the property existing at the date of the deed executed by respondent. Charter, 1875, art. 7, sec. 5, p. 64; *Winningham v. Pennock*, 36 Mo. App. 688. (2) Appellant, as remote grantee of Asa W. Waters, was entitled to bring suit after the substantial breach of covenant occurring during the ownership of appellant. *Allen v. Kennedy*, 91 Mo. 324. (3) The covenant in the deed of trust in no way abrogated the express covenant in the warranty deed. (4) It was the manifest intention of the parties that respondent should protect his grantee from all incumbrances prior to January 1, 1887. *Schornberger v. Hoy*, 40 Pa. St. 132. Respondent was not a party to the deed of trust.

*L. Traker* for respondent.

(1) Waters, by the terms of his deed of trust, which was made subsequent to the deed made by the Campbells to him, was bound to pay the taxes and assessments then existing. (2) Said Butler, by accepting the deed from said Waters subject to said deed of trust, was bound by all its terms and conditions. (3) Plaintiff, by accepting the deed from Butler subject to said deed of trust, was bound by all its terms and con-

ditions. (4) If no breach could have been assigned by Waters, none could have been by Butler; nor can any be assigned by his grantee, the plaintiff. (5) The covenants in the deed of trust being subsequent to the covenants in the deed, the covenants in the deed were abrogated. *Geer v. Redman*, 92 Mo. 375. (6) The covenants in the deed of trust made by Waters run with the land. *Boyd v. Hazelton*, 110 Mo. 203.

GILL, J.—This is a suit on a covenant against incumbrances contained in a warranty deed, executed in January, 1887, by the defendant and his wife, to one Waters. By two successive warranty deeds, title to the property was lodged in the plaintiff. In November, 1886, the common council of Kansas City passed an ordinance to open a street through the land conveyed. In September, 1887, a mayor's jury was impaneled; they assessed certain benefits against the property; the proceeding was appealed to the circuit court, where, on a trial anew, an assessment of benefits was returned in the sum of $617.50 and judgment therefor entered against the land. This, with interest and costs, was subsequently paid by plaintiff; and thereupon this action was commenced, resulting in a judgment for defendant in the lower court and from which plaintiff appealed.

It is conceded that, under the Kansas City charter as it existed at that time (Laws of 1875, p. 246, sec. 5), the passage of the ordinance in November, 1886, for opening the street, created a lien for such benefits as might thereafter be assessed against the property. And it is admitted that benefits to the amount before stated were thereafter duly assessed against the property, and that plaintiff, in order to save the land from forced sale, was compelled to pay the same. The decisive question is, whether defendant, by the covenant contained in his

warranty deed of January, 1887, is bound to recompense the plaintiff for the amount of the incumbrance so paid off.

When Campbell sold the land to Waters, a balance of the purchase price was left unpaid, and to secure this a note and deed of trust were executed. In the deed of Campbell to Waters, there was, in addition to the use of the words *"grant, bargain and sell,"* the general covenant against all existing incumbrances, and that the grantor would warrant and defend the title against the lawful claims of all persons, *"except taxes subsequent to the year 1886."* In the deed of trust, then and there made by Waters to Campbell, to secure balance of purchase money, the party of the first part (Waters) agreed "to pay on demand all taxes and assessments, general and special, now existing against said land and improvements, and to pay when due, or within the time required by law, all taxes and assessments, general or special, hereafter levied or charged thereon or thereafter."

I take it that we must read and consider the deed of Campbell to Waters and the deed of trust of Waters to Campbell as one instrument, as parts of one and the same transaction. And being so read, a conflict in terms is apparently presented. The warranty deed contains general covenants on the part of the grantor against existing incumbrances, "except taxes subsequent to the year 1886." This would obligate the grantor (Campbell) to pay the assessment against the land for opening the street, because the ordinance therefor had been passed prior to the execution of the deed. On the other hand, the covenants in the deed of trust (Waters to Campbell) bind Waters to pay all taxes and assessments, general and special, then or thereafter existing, etc. But it is our duty to harmonize these apparently contradictory provisions and so construe

them as to give effect to all portions of the contract. If we treat the covenants of the deed of trust, in so far as they relate to the matter of *special assessments*, as *qualifying* the general covenants of the deed against incumbrances, as was done by the supreme court in *Geer v. Redman*, 92 Mo. 375, then the respective obligations of the different parties are clearly disclosed. We may well say, then, in the case at bar, as was there stated: "The general covenant in the deed was qualified by the special covenant in the deed of trust, and the two instruments show that plaintiff was to pay the (special assessments) for which he sues." So viewing the case in hand, the decision in *Geer v. Redman* becomes controlling and decisive of this.

But the learned counsel for plaintiff insists that by the insertion of the clause "except taxes subsequent to the year 1886," in the warranty deed, there was manifested a specific purpose, intent, and agreement, by the grantor therein, to pay said special tax, the lien of which attached in 1886—that, as to *taxes*, the covenant in the deed was not *general* merely, but was *specific*. We do not think, however, that the above quoted clause, inserted in the warranty deed, should be held to apply to the special assessments which furnish the ground of this controversy. These special assessments for opening, grading, paving, and improving the streets of a municipality are not *taxes* in the proper use of that term, but assessments for improvements, and are not considered as burdens but as equivalents, or compensation for the enhanced value which the property derives from the improvement. *Sheehan v. The Good Samaritan Hospital*, 50 Mo. 155; *City of Independence v. Gates*, 110 Mo. 374.

Taxes are a public imposition, or burden, levied by the state, county, or city, for the purpose of carrying on

and supporting its governmental functions; while these special assessments for opening streets and the like are means of raising funds to pay for local improvements, charging each piece of property with its *pro rata* share, according to its proportion of benefits received. *Egyptian Levee Co. v. Hardin*, 27 Mo. 495.

When the language, then, of both these instruments is read together, the duty of paying special assessments for street improvement is, we think, clearly imposed on the grantee in the deed and grantor in the deed of trust. This being so, the plaintiff had no case, the judgment was for the right party and ought to be affirmed.

With the concurrence of the other judges, it is so ordered.