GERMAN-AMERICAN BANK, Appellant, v. MAN-
NING et al., Respondents.

St. Louis Court of Appeals, November 5, 1908.

1. **EVIDENCE: Taxbills: Alteration.** In an action on a taxbill
on which there appeared an alteration in a different hand-
writing from the one in which the bill was written, this was
sufficient to justify the trial court in requiring evidence that
the alteration was bona fide and proper, before admitting the
taxbill in evidence, but where the trial court admitted the
taxbill in evidence and found for the defendant, it is pre-
sumed it found the alterations material.

2. ————: **Description: Variance.** Where a petition to enforce
the lien of a special taxbill described the property as "the
west 29 feet, 2 inches of lot 28 and the east 10 inches of lot
27 of Raymond Place;" and alleged the property is owned by
Ella E. Manning, and the taxbill described the property as
"part of lot 28 ——————, said ground having an aggre-
gate front of 30 feet —— —— ——, bounded on the west by
Aetna Loan Co.," this was a fatal variance such that the lien
could not be enforced.

Appeal from St. Louis City Circuit Court.—*Hon. Geo.
H. Shields*, Judge.

AFFIRMED.

*Kehr & Tittmann* for appellant.

(1)   Drawing a line through the name designating
the boundary without erasing it, and writing over it an-
other name, does not in law constitute an alteration.
An alteration is an act done upon the instrument by
which its meaning or language is changed.   If what is
written upon or erased from the instrument has no
tendency to produce this result or to mislead any person,
it is not an alteration. 1 Greenleaf on Evidence, sec-
tion 566; 2 Cyclopedia of Law and Procedure, 142-3;
Morrill v. Otis, 12 N. H. 472; Moore v. Bank, 22 Mo.
App. 690; B. & L. Assn. v. Fitzmaurice, 7 Mo. App. 283.
(2)   The description of the property is sufficient to iden-
tify it which is all that the law requires.   Construction
Co. v. Loevy, 64 Mo. App. 436; State ex rel. v. Cowgill,
81 Mo. 331; Heman v. Gilliam, 171 Mo. 262.

*Abbott, Edwards & Wilson* for respondents.

(1)   When an alteration appears suspicious, as if in a different ink or handwriting, it must be explained by the party producing and relying upon the instrument.   Stillwell v. Patton, 108 Mo. 360.   (2)   The finding of fact by the court below is conclusive here. Sweetzer v. Banking Co., 76 Mo. App. 7.

GOODE, J.—This is an action on a special taxbill for street improvements against a lot in the city of St. Louis.   The petition alleges defendant Ella E. Manning was the owner of the lot at the date of the bill, and describes the property as the west twenty-nine feet, two inches of lot 28 and the east ten inches of lot 27 of Raymond Place, in the city of St. Louis, fronting thirty feet on the south line of Page Boulevard, by a depth southwardly of 137 feet 6 inches; bounded north by Page boulevard, east by Dennis, south by an alley and west by the Aetna Loan Company.   It is alleged the property was subject to a deed of trust to defendant Abbott to secure a debt to defendant Buereman.   The other essential allegations of a petition on a special taxbill are made, but need not be recited.   When the taxbill was offered in evidence defendant objected because the lot described in it and the one described in the petition were not the same; and because the taxbill bore on its face an unexplained alteration in the handwriting of another person than the one who made it out.   The court admitted the bill, subject to the objection, and it was read in evidence.   In its material parts it is as follows:

SPECIAL TAXBILL.

"No. 1456.

> *Office of the President of the Board of Public Improvements.*

> St. Louis, June 22, 1903.

"Ella E. Manning, Owner,

> To Gilsonite Construction Company, Contractor, Dr.

"For work done on Page Blvd. from Kingshighway Blvd. to Union Blvd. Chargeable against lot No. Pt. 28 in City Block No. 5149, said ground having an aggregate front of 30.00 feet by a depth of 137.50 feet, bounded North by Page Bl. east by ~~Birkbeck R. E. & I. Co.~~, now Dennis, south by alley and west by Aetna Loan Co.

"Under authority of the Charter and of Ordinance No. 20722 and of Contract No. 6249.

"Frontage tax against the lot ........$ 53.16
"Area tax against the lot ...... ...... 150.69
                                        $ 203.85

"With coupons from 2 to 7, inclusive of $29.12 each attached.

"I hereby certify that the above-mentioned work, as shown by the certificate of the street commissioner on file in this office, was done by the above mentioned Contractor according to contract prices, and that I have caused the computation herein set forth to be made, and that I have assessed against the above mentioned lot the amount, viz.: two hundred three and 85-100 dollars, as being the special tax levied against said lot and to be paid by the person herein named as the owner of the land.

> "Registered and countersigned by

> > "HIRAM PHILIPS,

> "President of the Board of Public Improvement.

> > "JAMES Y. PLAYER,

> > > "Comptroller."

The assignment of the bill was proved and other formal matters and the plaintiff rested; whereupon certain declarations of law were asked by plaintiff and refused, the court, sitting as a jury, declaring that it could not give judgment for plaintiff under the evidence. Judgment having been entered for defendant, the plaintiff appealed.

It will be perceived the description of the property in the taxbill is "Lot No. Pt. 28 in City Block No. 5149, said ground having an aggregate front of 30.00 feet by a depth of 137.50 feet, bounded north by Page Bl. east by ~~Birkbeck R. E. & I. Co.~~, now Dennis, south by alley and west by Aetna Loan Company." Instead of the property against which the bill was issued being described as part of lot 28 and part of lot 27, the description in the petition, it is described as part of lot 28 only. It seems to be agreed Raymond Place named in the petition and city block 5149 called for in the taxbill are consistent, and we suppose block 5149 is in Raymond Place. A line had been drawn through the words and letters "Birkbeck R. E. & I. Co." in the taxbill, and to the left and immediately above them had been written in a different writing the words "now Dennis." Counsel for defendant say this alteration, which plaintiff left unexplained by testimony, justified the court to deny plaintiff redress, as did also the discrepancy in the descriptions of the property in the bill and in the petition.

The taxbill was received in evidence subject to objection, was not afterwards excluded and hence must be treated as before the court. Plaintiff asked the court to declare the alteration shown in the taxbill was not an alteration in the meaning of the law or material, and that it had no effect on the validity of the bill. This declaration, which was refused, called in one part for a declaration on an issue of fact; for whether or not the alteration was material depended on extraneous facts. The altered part was one of the calls descriptive of the

lot chargeable with the assessment; the call for the east boundary of the lot to be charged was changed from the Birkbeck R. E. & I. Co. to Dennis by drawing a line through the first description and writing above it the words "now Dennis." It is true the lot is also described as having a frontage of thirty feet on the north side of Page Boulevard; but a call for a boundary or monument usually takes precedence over one for distance, if there is a discrepancy between the two. If the Birkbeck R. E. & I. Co. at one time owned the lot immediately east of the lot to be charged and some one by the name of Dennis owned it when the taxbill was issued, the alteration in question did not change the description of the property and in that sense was immaterial. But suppose no one by the name of Dennis owned it then, but the Birbeck R. E. & I. Co. was still the owner, and it is apparent the change in the call completely altered the description of the property.

The alteration might be immaterial as regards a change of description, and yet highly material in respect of whether it was made prior to or at the time the taxbill was issued and delivered, or subsequently. If it was made after delivery of the taxbill, then, though it may have described the same lot described by the original words, it would prima facie have a nullifying effect on the taxbill. [Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300; Powell v. Banks, 146 Mo. 620, 48 S. W. 664.] Unless the alteration was of a suspicious character, presumably it was made before the issuance of the taxbill. [Mathews v. Coalter, 9 Mo. 705; Grimes v. Whiteside, 65 Mo. App. 1.] But the interlined words "now Dennis" are in a different writing from the erased words, and this fact was sufficient to excite suspicion and justify the court in requiring evidence that the alteration was bona fide and proper before admitting the taxbill itself in evidence. [Paramore v. Lindsey, 63 Mo. 63; Stillwell v. Patton, 108 Mo. 352, 360.] As

said, the court did not exclude the taxbill because of the unexplained alteration, but admitted it. This put it before the court sitting as a jury for what it was worth, but without the presumption that it had been altered prior to delivery; and the question of when it was altered became a question of fact for the court. [Paramore v. Lindsey, supra; Switzer v. Banking Co., 76 Mo. App. 1, 6.] Hence the court as a jury might find the erasure and interlineation were made after the issuance and delivery of the taxbill and, in the absence of proof of consent by all parties in interest to the change, that it invalidated the bill. This point, as presented on the appeal, is unlike the one determined in Heman v. Gilliam, 171 Mo. 262, in this: in the case just cited the trial court found the alteration was immaterial and a presumption in favor of the ruling was proper; whereas here the court appears to have ruled the alteration was material, and the like presumption must be indulged.

There was a variance between the description of the property in the taxbill both as originally drawn and as altered, and the description in the petition. The petition expressly alleges Ella E. Manning owned the western twenty-nine feet and two inches of lot 28 and the eastern ten inches of lot 27 of Raymond Place on the date of the bill. But said instrument purports to create a charge against thirty feet of lot 28 fronting north on Page Boulevard and bounded on the west by the Aetna Loan Co. According to the petition the thirty feet of lot 28 to be charged, must be the west part and bounded by Ella E. Manning's ten inches of lot 27 which is immediately west of lot 28; that is to say, according to the petition the lot described in the taxbill would be bounded by Ella Manning's property on the west instead of the Aetna Loan Company's. On this petition the taxbill in suit was non-enforceable, though we do not say plaintiff would not be entitled to recover on an

amended petition against so much of the frontage (29 feet, 2 inches) as is in lot 28. Relief of this kind was not asked.

The judgment is affirmed. All concur.