Stone v. Fry.

---

BENJAMIN L. STONE, Respondent, v. JAMES F. FRY et al., Administrators, Appellants.

St. Louis Court of Appeals. Submitted on Briefs, May 4, 1915. Opinion Filed June 8, 1915.

1. WITNESSES: Transactions with Decedent: Competency of Survivor. Under Sec. 6354, R. S. 1909, providing that, where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, one who was a party, and the real party in interest, to a contract was not a competent witness, in an

Stone v. Fry.

action on the contract against the administrators of the other party thereto, although he was not a party to the action.

2. **TRIAL PRACTICE: Reception of Evidence: Effect of Failure to Rule on Objections.** The failure of the trial court to rule on an objection to incompetent evidence is reversible error, where it does not appear that he subsequently ruled on it, or that he did not consider the evidence in making his finding.

3. **CONVEYANCES: Contradiction by Parol Evidence: Waiver of Objection.** Although parol evidence contradicting the covenents of a deed of conveyance is not admissible, if objection is made, nevertheless where such evidence is admitted without objection, the objection is waived and a finding may be predicated on the evidence.

4. **APPELLATE PRACTICE: Conclusiveness of Finding.** In an action at law tried to the court, a finding on conflicting evidence is conclusive on the appellate court.

5. **COVENANTS: Action for Breach: Parties: Joinder of Wife.** In an action for the breach of a covenant in a deed, executed by a husband and a wife, conveying the husband's property, the wife is neither a proper nor a necessary party, in view of Sec. 2788, R. S. 1909, and where the petition declares upon a covenant made by the husband, the fact that the wife joined in the deed would not defeat a recovery, on the theory that there was a variance or failure of proof.

6. ——————: ——————: **Statutory Implied Covenants: Pleading.** An allegation in the petition, in an action for the breach of a covenant implied by Sec. 2793, R. S. 1909, in a deed containing the words "grant, bargain and sell," that, in and by such deed, the grantor covenanted and agreed that he would warrant and defend the title to said real estate against taxes assessed against the real estate for a certain year, correctly pleaded the legal effect of the covenant.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones,* Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

George Stone was a competent witness at the second trial of this case as well as at the first trial. The

transactions about which he was interrogated were had between him, either in his own behalf or as agent of Rosenberg, with the agent of the deceased Brown, who was still living and who testified at both trials. He undertook to testify only as to such transactions as he had with A. F. Brown's agent, who was still living, and in which said A. F. Brown took no part. It has been repeatedly held by the courts of this State that "the statute does not exclude the living party from testifying where the evidence relates to transactions and conversations had with others to which the deceased was not a party, and with which he had no connection, and of which he had no knowledge." Weiermiller v. Scullin, 203 Mo. 472; Kirton v. Bull, 168 Mo. 622; Nugent v. Curran, 77 Mo. 323; Eyerman v. Piron, 151 Mo. 107; Bankhouse v. Rood, 132 Mo. 256; Orr v. Rode, 101 Mo. 387; Wade v. Hardy, 75 Mo. 397. Besides, Stone was cross-examined at the first trial of this case by the counsel for defendants upon the whole case, without any objection to his competency at that time, and, therefore, even if he was incompetent as a witness, the objection to his competency was waived by the defendants. Tierney v. Hannon's Executor, 81 Mo. App. 488; Allen v. Chouteau, 102 Mo. 309; Leahy v. Reyburn, 33 Mo. App. 55; Stone v. Hunt, 114 Mo. 66; Edwards v. Latimur, 183 Mo. 627; Ess v. Griffith, 139 Mo. 322; Imboden v. Trust Co., 111 Mo. App. 232.

*Fauntleroy, Cullen & Hay* for appellant.

The court erred in admitting the testimony of George Stone, because this is an action against the administrators, and George Stone is the party in interest and the other party to the contract and was incompetent for the purpose. Weiermueller v. Scullin, 203 Mo. 466; McClure v. Clement, 161 Mo. App. 23; Howard v. Hardy, 128 Mo. App. 354; Taylor v. George,

176 Mo. App. 215; Lieber v. Lieber, 239 Mo. 1; Hoss v. Crawford, 145 Mo. App. 363; Kersey v. O'Day, 173 Mo. 570.

REYNOLDS, P. J.—Action for breach of covenant in a general warranty deed, conveying certain lots in the city of St. Louis, the grantors being A. F. Brown and Mary F. Brown, his wife, the grantee one Sam Rosenberg. The deed is a statutory general warranty deed, excepting however from the covenants, "the taxes for 1908 and thereafter," the breach assigned is failure to pay the taxes for 1907. Contemporaneously with the execution of this deed from Brown and wife to Rosenberg, Rosenberg executed a deed of trust on the same premises to a trustee for A. F. Brown, to secure a principal note due ten years after date and twenty semiannual interest notes, both deeds being dated August 30, 1907, and filed for record September 10, 1907. The deed of trust recites that Rosenberg, in consideration of the debt and trust in the deed mentioned and created and the sum of one dollar to him paid by the trustee, the receipt of which is acknowledged, "does by these presents grant, bargain and sell, convey and confirm unto the said party of the second part" (the trustee) the property described in the deed, and it is further recited that the grantor Rosenberg "has executed this deed of trust and has also agreed with said third party (Brown), his indorsers and assigns, to cause all taxes and assessments, general and special, to be paid whenever imposed upon said property and within the time required by law."

The petition avers that plaintiff is the owner of the premises by mesne conveyance from Rosenberg and that on September 29, 1911, he (plaintiff) paid and discharged the lien of the general taxes for State, school and city purposes, in the amount of $156.19, and the further sum of $3.06 for sprinkling taxes, specially

assessed against the real estate in favor of the city, of St. Louis, thereby paying the sum of $159.25, which taxes, it is averred, were a lien upon the property conveyed. Averring a demand by plaintiff on defendants, who are the administrators of the grantor Brown, and that the demand had been refused, plaintiff avers damages in the amount above stated.

The answer, after a general denial, sets up:

First. That at time of sale of the land and as part of the consideration it was agreed that Rosenberg should and would pay these taxes and that for that purpose he retained the amount out of the purchase money, and all this with the knowledge and under direction of the plaintiff, for whom Rosenberg had purchased the land and for whom he held it in trust.

Second. That long after the purchase of the land and execution and delivery of the deed to it, and while Rosenberg held title to it, the full amount of these taxes was paid by Brown to Rosenberg, who then and thereby became a trustee for the plaintiff.

Third. The execution of the deed of trust above set out is averred, its covenant to pay taxes, etc., set up, and it is pleaded that Rosenberg and plaintiff, as holding through him, are estopped from claiming any right by virtue of the covenants in the deed from Brown to Rosenberg.

Fourth. A denial that plaintiff ever acquired any title to the property or that he is successor in the title of Rosenberg and a denial that the taxes mentioned were ever assessed or levied on the land.

Trial was before the court, a jury being waived, and resulted in a verdict for plaintiff, judgment following, from which defendants, administrators of Brown, have duly perfected their appeal to this court.

Learned counsel for appellants make four points upon which they rely for a reversal of the judgment in this case.

It is contended under the first point that one George Stone was an incompetent witness as to transactions or conversations between him and Brown, the latter dead at the time of the trial. These counsel contend that this being an action directly against the administrators of an estate, and this witness being a contracting party with the decedent, and the real party in interest, as well as a party to the contract, was incompetent, the other party to the contract being dead, and that, it is claimed, is true whether the witness was a party to the suit or not.

It is provided by section 6354 that "where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator." This was section 4652 of the Revised Statutes of 1899, and under that designation is construed by our Supreme Court in Weiermueller v. Scullin, 203 Mo. 466, 101 S. W. 1088. We refer to that opinion as settling the question of the incompetency of a witness in such case. In Carroll v. United Railways Co., 157 Mo. App. 247, 137 S. W. 303, we had occasion to consider this same question and there held that the exclusion extended to not only the party to the record but to the contract, and so our Supreme Court held in Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458.

An examination of the record in this case, however, makes it impossible to determine whether the trial court considered the testimony of this witness as to transactions and conversations had between him and the decedent. Objection was made to the reception of the testimony, and the court, without then ruling on the objection, received the testimony subject to the objection, to which action of the court, in refusing to

pass on the objection at the time, defendants duly excepted. Beyond doubt this witness should not have been permitted to testify as to any transactions between himself and the decedent, as it clearly appears that while he was not a party to this action, he was a party, and the real party in interest, to the contract. The court should have ruled on the objection and excluded the testimony. It was reversible error to refuse to rule on the objection at the time, or afterwards. [Asbury v. Hicklin, 181 Mo. 658, l. c. 670, 81 S. W. 390; Seafield v. Bohne, 169 Mo. 537, l. c. 546, 69 S. W. 1051; German-American Bank v. Manning, 133 Mo. App. 294, l. c. 298, 113 S. W. 251; Smoot v. Bankers Life Assn., 138 Mo. App. 438, l. c. 469, 120 S. W. 749] Here, to repeat, over the objection and exception of defendants the court neither ruled on the objection at the time it was made nor does it afterwards appear what its action was on the objection to this testimony.

The second point made by learned counsel for appellants is, that it appears that the deed of trust was made by Rosenberg back to Brown, or Brown's trustee, to be more accurate, at the same time that the warranty deed was made and that the covenants in the deed of trust modified the covenants in the original deed and exempted Brown and defendants as his administrators from liability on the covenant of general warranty in the deed, and that these covenants estopped plaintiff from now recovering these taxes.

The principal authority relied on in support of this is Geer v. Redman, 92 Mo. 375, 5 S. W. 745. It appears in that case that the defendant there, by warranty deed with general covenants against incumbrances, conveyed to the plaintiff Geer two parcels of land in Ralls county, this State, upon which the taxes for that year had not been paid and which the plaintiff, grantee in the deed, had paid. As a part of the consideration Geer conveyed to Redman certain lands in the State of Michigan and also, and as another part of the con-

sideration, executed and delivered a deed of trust upon the Missouri land to secure the payment of two promissory notes. This deed of trust, in express terms, covenanted to pay all taxes then existing against the land. The opinion recites that it also appears, by parol evidence, that at the time the deeds were made plaintiff agreed to pay the taxes on land in Missouri and paid the taxes on the Michigan land for the same year. Under this state of facts the court says (l. c. 378):

"The deed sued upon and the deed of trust were made upon the same day, delivered at the same time, conveyed the same land, and were different parts of one and the same transaction, and may be taken and read together. The general covenant in the deed was qualified by the special covenant in the deed of trust, and the two instruments show that plaintiff was to pay the taxes for which he sues. Objections were made by the plaintiff to the introduction of the deed of trust in evidence, and to the evidence of the payment of taxes by defendant, and to the parol proof of the agreement with respect to the payment of taxes; but the objections were general, without any ground being assigned, and the case stands as if no objections had been made." The judgment of the circuit court, which was in favor of the defendant Redman, was accordingly affirmed.

In the case at bar this deed of trust given by Rosenberg to Brown's trustee was introduced and read in evidence without any objection so far as appears in the abstract. Parol evidence was also introduced in this case as to the fact of the payment or nonpayment of the taxes and as to whether they were to be paid by Brown or by Rosenberg. No objection whatever was made to this parol evidence. Our court held in Laclede Laundry Co. v. Freudenstein, 179 Mo. App. 175, l. c. 186, 161 S. W. 593, as the result of our examinations of the decisions on the question of introducing parol evidence attacking the consideration: "Ordi-

narily you may attack the consideration, but when to do so involves an attack upon the solemn covenants in the deed or contract, that attack resting on a parol agreement, outside of the deed or contract, it cannot be sustained." But like any other matter admitted without objection, or not aimed at by motion to strike out, it stands. Objection to it may be waived. Here it was waived and on the testimony, the fact as to who had or who was to pay these taxes, was for the determination of the court, the testimony being contradictory. We are bound by the finding of the trial court on it.

It appears by the decision in Geer v. Redman, supra, that parol evidence having been admitted and received without objection, the covenants in the deed and deed of trust were explained and overcome by the parol evidence so admitted. That is the situation here. We do not find Geer v. Redman, supra, cited or quoted in any other subsequent case, save that in Adair v. Mette, 156 Mo. 496, 57 S. W. 551, it is cited (l. c. 507) in support of the proposition that to determine the propriety of the admission of testimony, the objection to it must be made at the time and must be specific. In Cleveland Park Land & Improvement Co. v. Campbell, 65 Mo. App. 109, it is cited and quoted (l. c. 113) on the proposition that the general covenants in the deed were qualified by the special covenants in the deed of trust, and in Foster v. Byrd, 119 Mo. App. 168, 96 S. W. 224, at page 174 it is said that neither it nor Cleveland Park Land & Improvement Co. v. Campbell, supra, applied to the case then before the court, as there was nothing to harmonize between the covenants in the deeds there before the court.

Here it was a question of fact, on the parol evidence admitted without objection, as to who was to pay, or had paid, these taxes, notwithstanding the covenants in the deed and deed of trust, and as before remarked, the learned trial court found this issue

against defendants, on what we must hold was substantial testimony. We are compelled to hold this assignment of counsel untenable.

It is further urged that there is a total failure of proof of the cause of action alleged; that the action is stated to be on the covenant of A. F. Brown and that the proof shows a joint covenant by him and his wife. It is true that Brown was joined in the deed by his wife. But the evidence is that the property was that of Brown and that his wife had no interest in it, save as wife. Section 2788, Revised Statutes 1909, provides that no "covenant in any deed conveying the property of the husband" shall "bind the wife except so far as may be necessary to effectually convey from the husband or wife, so joining therein and not owning the property, all the right, title and interest expressed to be conveyed therein." The covenants of warranty here involved not being binding on the wife, she was not only not a necessary, but would have been, on the facts here present, an improper party. It was not necessary to allege that she had joined in the deed. The action is for a breach of the covenant in the deed. It was pleaded as the covenant of Brown. Under the statute it was his covenant and not that of his wife, so there was neither variance nor failure of proof between the allegation and the deed.

Finally it is urged that the deed does not contain the covenant declared upon. The covenant is pleaded thus:

"Plaintiff further says that in and by said deed executed by said A. F. Brown said Brown covenanted and agreed that he would warrant and forever defend the title to said real estate against the taxes assessed against said real estate for the year 1907 and thereafter."

Our statute (section 2793, Revised Statutes 1909), prescribes the covenants implied in the use of the words "grant, bargain and sale," these words present

in this deed. Plaintiff, as was proper, correctly pleaded the legal effect of the covenant.

For the error in failing to rule on the admissibility of the testimony referred to the judgment of the circuit court must be reversed and the cause remanded. It is so ordered. *Nortoni* and *Allen, JJ.,* concur.