PEOPLES STATE BANK OF HILLSBORO, NORTH DA-
    KOTA, a Corporation, Respondent, v. S. G. STEENSON, Appel-
    lant.

(190 N. W. 74.)

**Trial — duty of court to rule on objections to evidence.**
    1. In any action tried to the court without a jury, pursuant to chap. 8, Laws 1919, amending the so termed "Newman Act" it is the duty of the trial court, where objection is made, to rule upon evidence offered.

**Vendor and purchaser — period for redemption should be accorded under foreclosure of land contract.**
    2. In an action to cancel a contract for a deed where a strict foreclosure has been ordered without granting to the vendee any redemption period, it is held, for reasons stated in the opinion, that a period for redemption should be accorded.

Opinion filed September 30, 1922.

Trial, 38 Cyc. p. 1944 n. 31 New; Vendor and Purchaser, 39 Cyc. p. 1876 n. 59 New.

Action in District Court, Traill County, *Cole,* J.
Defendant has appealed from a judgment of foreclosure.
Judgment modified.
*Theo. Kaldor,* for appellant.
*I. A. Acker,* for respondent.

## Statement.

BRONSON, J. This is a proceeding to foreclose a contract for a deed. The facts are: One Wilhelmsen owned two lots and a barn in Hillsboro, North Dakota. The defendant, desiring to reconstruct the barn into a garage, negotiated with Wilhelmsen for their purchase. On

April 7th, 1920, a contract for a deed was executed between the parties whereby the defendant agreed to pay $3,000 for the property; $918 at the execution of the contract, $1,300 by assuming a mortgage thereto-fore given by Wilhelmsen to plaintiff upon the property, and the balance, $782 in monthly payments of $40 commencing June 1st, 1920, with 8 per cent interest on unpaid balances. On April 19th, 1920, Wilhelmsen assigned this contract and deeded the property to plaintiff. The defendant made to Wilhelmsen twenty notes aggregating $782, all dated May 1st, 1920, and each falling due in consecutive months thereafter. These notes were indorsed and transferred to plaintiff. The defendant went into possession and reconstructed the barn into a garage. The improvements which he made, pursuant to his testimony, increased the value of the property about $2,500. Since making such improvements, the defendant has conducted on the property a garage. Defendant paid, upon the contract, $918, and, about June 1st, 1920, the further sum of $22. He has made no other payments upon the notes or contract; neither has he paid any taxes. On December 4th, 1920, plaintiff served a statutory notice of cancelation. A mistake of time was made in the notice of cancelation. The efforts of the plaintiff being abortive under this statutory notice, this action was instituted. In the testimony it appears that plaintiff paid taxes for 1920 and 1921 upon the property and the premium for $3,000 insurance. The defendant admits that he has made no payments upon the contract, excepting those specified and the making of the notes, which he deems to be payments upon the contract. It further appears that, on December 7th, 1921, the amount due upon the notes was $857.85 and upon the mortgage $1,595.77. The trial court found that on December 4th, 1921, there was due the plaintiff from the defendant, $2,598.38. During the course of the trial, the trial court stated, in effect, that this is a case where all evidence offered is received and goes into the record without ruling by the trial court. The court ordered the contract to be cancelled and immediate possession given to the plaintiff. Judgment was so entered on February 16th, 1922.

## Decision.

**The defendant maintains** that the nonpayment of the mortgage is

not a default, pursuant to the contract, and that the making of the notes operated to pay the balance of the purchase price. These contentions are without merit. The $1,300 note and mortgage were produced by plaintiff and received in evidence. Upon the record, the plaintiff is the owner and holder thereof. Further, it is well settled that, upon making a contract for a deed, where the vendee goes into possession, the vendor, in equity, holds merely a vendor's lien as security for the debt due him. The debt is the principal, and the lien, the incident. Early v. France, 42 N. D. 52, 172 N. W. 73; Semmler v. Beulah Coal Min. Co. 48 N. D. 1011, 188 N. W. 310. Plaintiff owns and possesses the whole debt and the whole lien.

In order that the action of the trial court, in receiving all evidence offered without ruling, may not be continued as a proper rule of practice and, by the silence of this court, receive tacit approval, it is deemed proper to say that, in any case tried without a jury, pursuant to chap. 8, Laws 1919, amending the so termed "Newman Act," § 7846, Comp. Laws, 1913, it is the duty of the trial court, where objection is made, to rule upon evidence offered.

In this case the trial court ordered strict foreclosure without any time for redemption. Under the circumstances presented by this record, we are of the opinion that the trial court erred in this regard. The defendant has paid $940 on the contract. He has made improvements on the property which he claims has increased its value $2,500. Pursuant to his testimony, he has an equity of about $3,400 in the property. Plaintiff's claim is about $2,600. Defendant desires an opportunity to make redemption. This should be accorded to him if it be in the interests of justice so to do. We are of the opinion, upon the record, and pursuant to the voluntary statements of the parties made upon oral argument, that such opportunity should be afforded the defendant. See Ryan v. Bremseth, 48 N. D. 710, 186 N. W. 822.

Accordingly, it is ordered that the judgment be modified as follows: Defendant shall pay to the plaintiff $100 within ten days after the receipt of the remittitur by the trial court, and the sum of *$100* on the 15th day of each and every month thereafter for ten months. Defendant shall also pay the taxes for 1922 on or before the time the same becomes delinquent. Defendant shall keep the premises insured at his own expense for at least $3,000 with a loss payable clause payable

to the plaintiff. Defendant shall deliver such policy to plaintiff upon the expiration of insurance now held by plaintiff. Within one year from the date of the remittitur is received in the trial court, defendant may pay the balance then due upon the judgment rendered herein. Upon default in any of the payments herein mentioned, at the time so specified, or in the payment of taxes or insurance, the judgment rendered shall become absolute and the plaintiff thereupon shall become entitled to immediate possession of the premises. It is so ordered without costs of this court to either party.

BIRDZELL, Ch., J., and GRACE, CHRISTIANSON, and ROBINSON, JJ., concur.