VICTOR HAVAS, Appellant, v. 105 CASINO COR-
PORATION, and GEORGE H. DAVIS, Respond-
ents.

No. 5037

July 15, 1966                                    417 P.2d 239

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*Samuel S. Lionel, Don L. Griffith* and *Jerome F.
Snyder,* of Las Vegas, for Respondents.

## OPINION

By the Court, COLLINS, J.:

This action involves the alleged conversion of a 1954 Cadillac automobile claimed to be owned by appellant but sold by respondents at a public auction sale pursuant to NRS 108.270–108.360, popularly known as the "Garagemen's Lien Law." Defendant George H. Davis, though served with process, did not appear and defend the action in the trial court. Havas sold the automobile to Dorothy L. Druachel on a conditional sales contract in 1961 and delivered possession to her, reserving title in himself. The automobile was left in a parking lot operated by respondent 105 Casino Corporation for an extended period of time. 105 Casino Corporation published a notice in a Las Vegas newspaper advertising the automobile for sale to satisfy a so-called storage lien, in which it was stated the registered and legal owners were unknown. The automobile was also misdescribed, both as to model year and motor serial number. It was sold on January 25, 1962 to Norma J. Jurun for $325. An affidavit to the above effect was executed by George H. Davis on behalf of the 105 Casino Corporation, although his oath before a notary public was not completed. For a reason not apparent from the record, the Registration Division of The Department of Motor Vehicles, State of Nevada, accepted Davis' partially completed affidavit of sale of the vehicle, required the purchaser to execute a release and issued a certificate of registration and ownership to Norma J. Jurun. The record reflects Havas' testimony that he never received

notice of the sale of the automobile by 105 Casino Corporation. No evidence to the contrary was offered. Havas had in his possession and offered in evidence, which was admitted as shown by the clerk's stamp, a certificate of ownership to the vehicle issued by The Department of Motor Vehicles, in 1960, being identical in description to the vehicle described in the certificate issued to Norma J. Jurun. This certificate of ownership, through endorsement on the reverse side, discloses Vic Havas Motor Company to be legal owner and Hubert Dubrow or Dorothy L. Druachel to be registered owners. Havas attempted to testify that such title was in effect in 1962, when the public sale took place, but apparently the trial court struck his answer upon motion by counsel for 105 Casino Corporation. The record reflects as follows:

"By Mr. Lionel: May we have the question and answer stricken then, Your Honor? I have no objection if that's being offered.

"By the Court: All right.

"By Mr. Lionel: Is that Your Honor's ruling?

"By the Court: Yes."

During the trial the question of value of the automobile at the time of sale at public auction in 1962 arose. Upon that issue the record reflects the following testimony of Havas and ruling by the court upon objection thereto by respondent's counsel.

"By Mr. Magleby: Q. Do you have an opinion, Mr. Havas, of the value of a 1954 Cadillac convertible in the year 1962?

"By Mr. Lionel: To which I object, Your Honor, on the ground no—it's immaterial, irrelevant and no foundation laid. It has nothing to do with this case.

"By the Court: Go ahead, answer it.

"A. A Cadillac, first of all, mainly it's on the condition. Just to offer for counsel's benefit, I've had—I have bankers and different people in the different fields call me on what a car is valued at after seeing it, but I'd say we sold this car almost at the end of '60 and the first of '61, and at that time we had $1600.00 balance on this. I would say approximately a year later I would say this car would be worth, oh, I would say $1200.00.

"By Mr. Lionel: I must move to strike the answer, Your Honor. Strike the answer to that.

"By the Court: Motion denied."

When Havas offered in evidence his exhibit A, a certificate of Richard A. Herz, Chief Registration Division, Department of Motor Vehicles, State of Nevada, under his hand and seal, to which were attached copies of the affidavit of publication of the notice of sale of the automobile; certificate of registration and ownership issued to Norma J. Jurun; affidavit of Davis of sale of the vehicle by 105 Casino Corporation; and release from Norma J. Jurun to The Department of Motor Vehicles, the record reflects the following colloquy between the court and counsel:

"By Mr. Magleby: At this time, if the Court please, we would like to offer into evidence certified copies of The Department of Motor Vehicle records.

"By Mr. Lionel: To which we object, Your Honor, on several grounds. Number one, there is no foundation of any kind laid for its admission, and number two, of no kind, and number two, what purports to be an affidavit in there is not signed by anybody. If your Honor will look at the purported affidavit of one George Davis, you will find it's not notarized. It's supposed to be an affidavit on this form, and the next thing, Your Honor, there is no proof that that's George Davis' signature. The next ground, there is no proof whatsoever that he in any way represents the defendant, 105 Casino Corporation, and if the Court please, the Statute 49.050 provides, the original or a microfilm or photostatic copy, or copy of any record other than a judicial record, document or paper in custody of a public officer of this State or the United States, certified by such officer to be the original or to be a photostat or microfilm, or to be a true, full and correct copy of the original in his custody, may be received in evidence in any action or proceeding in the Courts of this State in like manner and with the like effect as the original could be if produced. Now, if that were the original, Your Honor, we would have a right to object on the ground there is no foundation laid for its admission. Here is a purported affidavit which

is not authorized, here we don't know whether that's George Davis' signature. We don't know whether or not George Davis represented or worked for the Nevada Club, was authorized to sign and even on its face it shows that he's not an officer of that organization. They are not bound by that, Your Honor, clearly inadmissible evidence, pure hearsay.

"By Mr. Magleby: I think the Statute provides, if the Court please, that a certification of a public official of this State can be introduced of the evidence on file, or the records that are on file in that office, and that's what that represents.

"By Mr. Lionel: Your Honor, the distinction is if it is a public record as distinct from a record in his custody and the Statute says in that case it is equally admissible with the original, if the original would be admissible. That is clearly not admissible, Your Honor. We object to its admission upon the grounds stated.

"By the Court: I will hold the ruling in abeyance. Go ahead."

The exhibit was marked for identification but no further action by the trial court indicating it was either admitted or rejected appears in the record. The clerk's stamp on the exhibit shows it to be marked for identification only, not admitted. What, if any, consideration was given by the trial court to the exhibit is likewise not apparent from the record.

Upon conclusion of the testimony and evidence, the court called counsel into chambers and later entered written findings of fact and conclusions of law as follows:

"Findings of Fact. 1. That plaintiff has not proved that defendant 105 Casino Corporation unlawfully sold a motor vehicle to Norma[n] J. Jurun as alleged.

"2. That plaintiff has not proved the value of the motor vehicle allegedly sold to Norma[n] J. Jurun by defendant 105 Casino Corporation at the time of such alleged sale.

"Conclusions of Law. 1. That plaintiff has not proved that defendant 105 Casino Corporation unlawfully sold a motor vehicle to Norma[n] J. Jurun as alleged.

"2.  That plaintiff has not proved the value of the motor vehicle allegedly sold to Norma[n] J. Jurun by defendant 105 Casino Corporation at the time of such alleged sale.

"3.  That the complaint, as to the defendant 105 Casino Corporation, must be dismissed."

The court then entered judgment and decree that Havas' complaint against 105 Casino Corporation be dismissed and awarded respondent an attorney's fee of $300 and costs against appellant.

From the judgment Havas appeals. We feel the judgment must be reversed and remanded for new trial because of the following prejudicial errors:

(1) Failure to admit appellant's exhibit A or to make a ruling thereon.

(2) Striking the testimony of Havas regarding ownership of the automobile in 1962.

1.  Failure to admit appellant's exhibit A was error. Counsel for respondent objected to the exhibit on three grounds:  (1) that no foundation was laid;  (2) that despite the Public Record Statute, NRS 49.050, the offer was defective because the affidavit of George H. Davis was not notarized;  and (3) that the copy could be received in evidence in like manner and with the like effect as the original could be if produced—and the originals were hearsay evidence.

Foundation for admission of the exhibit complied with the statute in that it was certified by the public officer having its custody as being a true, full and correct copy of the original. NRS 49.050. Furthermore, the exhibit on its face was relevant from a reading thereof, thus no further offer of proof was necessary. Carroll v. Beavers, 126 Cal.App.2d 828, 273 P.2d 56 (1954).

We hold the certificate, with copies of attached documents, was admissible pursuant to the Public Records Act, NRS 49.050. To permit the Registrar of Motor Vehicles to issue a certificate of ownership and registration of the automobile to Norma J. Juran enabling her to operate it upon the public streets and highways, he

had authority to require them to be filed in his office. NRS 482.420(1) and 108.310. In 32 C.J.S., Evidence § 626, at 795, it is stated, "Records which a private person is required to make and file with the government may be admissible as public records." Accord: Sternberg Dredging Co. v. Moran Towing & Transp. Co., 2 Cir., 196 F.2d 1002, at 1005 (1952). The fact is the Registration Division, Department of Motor Vehicles, issued a certificate of registration and ownership to her for the identical automobile sold by respondent. Defects in the Davis affidavit attached to the certificate may affect the weight to be given the public record, but does not destroy its admissibility.

We disapprove the practice of trial courts holding in abeyance rulings on evidence. It precipitates all manners of difficulty. People's State Bank of Hillsboro v. Steenson, 49 N.D. 100, 190 N.W. 74, 75 (1922); Seafield v. Bohne, 169 Mo. 537, 69 S.W. 1051, 1053 (1902); Asbury v. Hicklin, 181 Mo. 658, 81 S.W. 390, 392 (1904); Smoot v. Bankers' Life Assn., 138 Mo.App. 438, 120 S.W. 719, 730 (1909); Stone v. Fry, 191 Mo.App. 607, 178 S.W. 289, 290 (1915). Error, to be prejudicial, when ruling is reserved, must be to material evidence, as here. Hannan v. C.B.&Q.R. Co., 247 S.W. 436 (Mo.App. 1923).

Additional problems arise at the time in determining whose responsibility it is to either renew the offer of evidence upon which a ruling is reserved or held in abeyance, or to renew an objection to its admission. In re Coleman's Estate, 238 Iowa 768, 28 N.W.2d 500, 502 (1947); Proctor v. Proctor, 282 Ky. 20, 137 S.W.2d 354 (1940). We need not decide that question here. Exhibit A was excluded and we hold that to be error.

Careful trial counsel should, of course, protect his record by insisting that the court rule either upon his offered evidence or his objection. A timorous attorney may find he has permitted a disastrous result to descend upon his client's cause if he does not politely but forcefully insist upon a ruling by the trial court. Bailey v. Bailey, 297 Ky. 400, 180 S.W.2d 316, 319 (1944). And it may well be, as could have been the case here, a busy

trial court simply overlooked the ruling. Trial courts are greatly inclined to make a good record upon rulings, but counsel must protect their own record.

2.  Striking the testimony of appellant that the title to the automobile issued to him in 1960 by The Department of Motor Vehicles was still in effect in 1962, when the public sale was held, is error. He was simply fortifying his chain of title to the automobile which, unless Norma J. Jurun acquired good title through the public sale of it by respondent, was still good. He was not trying to vary what the written certificate of title disclosed, but to support by oral testimony that it was still in effect and not changed. "* * * the certificate of ownership shall remain valid until canceled by the department upon a transfer of any interest shown therein and need not be renewed annually." NRS 482.280(3).

3.  Finally, because there must be a new trial in this matter, we feel the record fails to support the finding that the value of the automobile was not proved.

Reversed and remanded for new trial.

THOMPSON, J., and GABRIELLI, D. J., concur.